FLORIDA SOUTHERN RAILWAY COMPANY, APPELLANT, VS. J. B. BROWN, APPELLEE.

1. Where a street or highway is mentioned in the deed as the boundary of a lot or piece of land, the owner of such land owns the soil of said street to the centre of such street or highway, subject to the right of the public to pass and repass over and along it.

2. When no street or highway is specifically mentioned in the conveyance, but the land abuts thereon, and is described by words or figures, the same rule prevails.

3. Where a person owns a lot on a public street of a town or city and the fee in the soil as far as the centre of the street, the laying of a railroad track along said street, wholly or partly, *on his soil* without his consent, and without taking it and paying just compensation therefor, in accordance with the statute regulating the method by which private property may be taken for public use, is an unlawful appropriation of the property of such owner. In such a case he is entitled to damages for a depreciation of the market or rental value of his premises for annoyances to his business or to his family occupation.

4. Where an adjacent owner of real estate abutting on a street of a town or city *is not the owner of the soil to the centre of the street*, though he is not entitled as against a company laying a railroad along said street by proper authority to recover damages for the appropriation of the soil of the street, or for any incidental injury to his property from noise or smoke, or like annoyances, yet he is entitled to the *use* of the street and may recover damages for any special injury he may sustain by reason of said railroad track being so laid as to materially abridge or curtail his use of said street, or by any negligence or improper act in operating said road. In such case the diminution of the value of the estate of plaintiff is not a ground of damages.

5. When a railroad is laid along a street by competent authority in a manner not preventing the public from crossing over the same conveniently, leaving ample room on either side for the passage of animals and vehicles, and the room is sufficient to allow their passing each other on the same side of the track when going in opposite directions, an adjacent owner of real estate *not owning the soil in the street*, or the part thereof appropriated by said road, is not injured thereby.

6. A declaration claiming damages for the diminution of the rental or market value of the real estate of an adjacent owner, which alleges that such real estate abuts on a street of a town or city, and that such adjacent owner is also the owner of the soil of said street, and that a railroad company has laid its track along said street, not averring that the said railroad track is located either wholly or in part *on his side of said street*, is demurrable.

7. A former judgment on demurrer between the same parties, wherein the plaintiff claimed damages of the defendant for injury to his estate, in consequence of laying and operating a railroad in the street on which his estate abutted, said plaintiff *not claiming to be the owner of the fee in the soil to the middle of the street* is not *res adjudicata* in a suit by such plaintiff and against such defendant for damages when the declaration alleges in the second suit the ownership of the fee *to the soil in the street.*

8. An owner of an estate abutting on a street or highway and owning the fee in the soil to the middle of the street, while the same is subjected to the use of the public for the ordinary requirements of travel on foot and by horses and vehicles, has such property in his portion of the street as will prevent the taking thereof, or any part of his side of said street, by the imposition of an additional burden on the soil to the usual requirements of travel, to wit : by the laying of a railroad track thereon and the operation thereof by steam, without first making just compensation therefor.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*Taylor & Sanchez* for Appellant.

*Ashby, Scott & Thrasher* for Appellee.

The overruling of the defendant's demurrer to the declaration in the court below is the first error assigned. The declaration will be found to contain, in our judgment, all the allegations necesssary and essential, and as its averments upon consideration of the demurrer are to be taken as true, the only question to be looked into in the discussion of this assignment of error is whether it makes such a case, if proved, as entitles the plaintiff to recover damages. The demurrer raises substantially the question as to whether or not the owner of a lot in a city, abutting on the street over which a steam railway has been constructed, when he is owner of the fee to the centre of the street, is entitled to re-

cover damages from the railway company for injury to his property. This question has been repeatedly the subject of adjudication before the Supreme Courts of other States, and while the conflict of authority in the earlier cases at first appears to be irreconcilable, this conflict seems to have grown out of the construction of the abutting lot owner's right in the street. Wherever it has been held that he was the owner of the fee, as alleged in this declaration, the decisions have uniformly been to the effect that the construction of a steam railway over the street was an additional burden upon the soil, and that the abutting lot owner was entitled to damage arising from the construction of the road.

As the declaration in this case avers the plaintiff's ownership of the fee to the centre of the street, the demurrer must be considered upon the hypothesis that this averment is true.

" When the common highway," says Judge Cooley, " is made a turnpike or plank road, upon which tolls are collected, there is much reason for holding that the owner of the soil is not entitled to any further compensation. The turnpike or plank road is still an avenue for public travel, subject to be used in the same manner as the ordinary highway was before, and, if properly constructed, is generally expected to increase rather than diminish the value of property along its line, and though the adjoining proprietors are required to pay toll, they are supposed to be, and generally are, fully compensated for this burden by the increased excellence of the road, and by their exemption from highway labor upon it. But it is different when a highway is appropriated for the purposes of a railroad. It is quite apparent that the use by the public of the highway, and the use thereof by a railway company, is essentially different ; in the one case every person is at liberty to travel over the

highway in any place or part thereof, but he has no exclusive right of occupation of any part thereof except while he is temporarily passing over it. It would be trespass for him to occupy any part of the highway exclusively for any longer time than was necessary for that purpose, and the stoppages incident thereto. But a railroad takes exclusive and permanent possession of a portion of the street or highway. It lays down its rails upon or imbeds them in the soil, and thus appropriates a portion of the street to its exclusive use, and for its own particular mode of conveyance. In the one case all persons may travel on the street or highway in their own common modes of conveyance. In the other no one can travel upon or over the rails laid down except the railroad company and with their cars especially adapted to the track. In the one case the use is general and open alike to all, in the other it is peculiar and exclusive."

" The dedication to the public as a highway enhances the value of the lot, and renders it more convenient and useful to the owner. The use by the railroad company diminishes its value and renders it inconvenient and comparatively useless. It would be a most unjust and oppressive rule which would deny the owner compensation under such circumstances." Cooley's Constitutional Limitations, pp. 682, 683, 684 ; Ford vs. Chicago and Northwestern R. R. Co., 14 Wis., 616 ; Pomeroy vs. Chicago & M. R. R. Co., 16 Wis., 640.

It is true that the actual use of the street by the railroad may not be so absolute and constant as to exclude the public also from it use with a single track, and particularly if the cars used upon it were propelled by horse power the interruption of the public easement in the street might be very trifling and of no practical consequence to the public at large. But this consideration cannot affect the question

of the right of property, or of the additional burden upon the soil. It would present simply a question of degree in respect to the enlargement of the easement and would not affect the principle that the use of the street for the purpose of a railroad imposed upon it a new burden. Wager vs. Troy Union R. R. Co., 25 N. Y., 532; Williams vs. N. Y. C. R. R., 16 N. Y., 97; Carpenter vs. O. &. S. R. R. Co., 24 N. Y., 655; Starr vs. C. & A. R. R., 24 N. J., 592; Donahoe's Case, 16 Miss., 649; Cox vs. Louisville, &c., R. R. Co., 48 Ind., 178.

Many of the courts seem to have been controlled in their decisions by the constitutional provisions which declare in effect that private property shall not be taken, &c., without compensation. Some of the State Constitutions use the word "taken," others the words "taken, injured, or destroyed." The Constitution of Florida uses simply the words "taken without just compensation." This provision is similar to that contained in the Constitution of New York, and yet the Supreme Court of that State have not only held that the abutting lot owner was entitled to recover damages against the railroad company, but that he was entitled to an injunction to restrain the erection and continuance of the road.

Has the plaintiff's property been taken by the defendant within the meaning of the Constitution of this State? To constitute such a taking it is sufficient that the person claiming such compensation has some right or privilege secured by grant in the property appropriated to the public use, which right or privilege is destroyed, injured or abridged by such appropriation, * * * this constitutes the taking of property for public use. It follows that such taking cannot be authorized except on condition that the defendant make compensation to the plaintiff for the property thus taken.

The inhibition found in the Constitution against the right of the sovereign to appropriate private property to public use, without making compensation therefor, was intended to secure all citizens alike against being compelled to contribute unequally to the public burden. Story vs. New York Elevated R. R. Co.

We also refer to the following additional authorities in support of our position that no error was committed by the court below in overruling the demurrer to the declaration: Stone vs. Fairbury, Pontiac & N. W. R. R. Co., 68 Ill. ; Elizabeth, Lexington & Big Sandy R. R. Co. vs. Combs, 10 Bush, 382.

Admitting that when property adjoining a street whereon a railroad has been lawfully constructed has been damaged that it is *damnum absque injuria*, surely the company is liable to one suffering special damages, as the plaintiff has done, as shown by the declaration. Lakeland vs. R. R. Co., 34 Mo., 259 ; R. R. Co. vs. Daily, 13 Ind., 353 ; Porter vs. R. R. Co., 33 Mo., 128 ; Hinchman vs. Patterson, &c., 17 N. J., 75.

The case of Barney vs. Keokuk, 94 U. S., 324, was referred to in the court below for the purpose of showing that the Supreme Court of the United States had held in opposition to the right of an abutting lot owner to recover for damages to the property from the construction of a railroad through the street. But upon an examination of the case we think it will be found that the court was controlled by the Iowa statutes and decisions; therefore the opinion should have no weight in the determination of this case.

Judge Dillon sums up the conclusion to which his mind has arrived, after an examination of all the reported cases upon the subject of railways in streets, and says : " The weight of judicial authority at present undoubtedly is, that when the public have only an easement in streets and the fee is

retained by the adjacent owner, the Legislature cannot, under the Constitutional guarantee of private property, authorize a steam railroad to be constructed thereon against the will of the adjacent owner without compensation to him." 2 Dillon Munic. Corps., 576.

We call attention to the following authorities which sustain the proposition that when the fee of the street is in the abutting lot owner he may have damages where a railroad is constructed thereon : Craig vs. R. & B. R. R., 39 N. Y., 404; Davis vs. Mayor of N. Y., 14 N. Y., 506 ; Presbyterian Society vs. Aubu.n & R. R. R., 3 Hill, 567 ; Kucheman *et al.* vs. C. C. & D. Ry. Co., 46 Iowa, 366; I. B. & W. R. Co. vs. Hartley *et al.* 67 Ill., 439 ; State vs. Lansack, 5 Vroom, 201 ; Gray vs. St. Paul & P. R. Co., 13 Minn., 315.

2d. We submit that no error was committed in allowing the testimony of the witnesses, J. B. Dell, John H. Graham, J. D. Younglove and J. B. Brown to be introduced at the trial relative to a decrease in the rental value of the plaintiff's lot, &c., &c.

In the case of Grand Rapids and Indiana R. R. Co. vs. Mary Heisel, 47 Mich., 391, the reduction in rental value was held a recognized element of damages in all cases of injuries of abutting owners from the misuse of highways, and it was decided in the case of Stone vs. Fairbury, Pontiac and Northwestern R. R. Co., 68 Ill., 394, that smoke and cinders thrown from the engines of the defendant on the property of plaintiff should be considered as part of the damage which the plaintiff had sustained ; that it was a direct and physical injury to his property for which he was entitled to recover.

If these decisions announce the law correctly the evidence complained of by the appellant was clearly admissible.

3d. The third assignment of error, to the effect that the

motion for new trial in the court below should have been sustained, in our judgment, is not well taken. The points of law involved have been and will hereafter be considered in the discussion of the other assignment of errors. The verdict and judgment was for six hundred and fifty dollars. The evidence proved that the damage sustained was greater than this amount. We insist that the judgment should not be disturbed.

4th. Did the court below err in giving instruction number one in regard to the plea of *res adjudicata?*

In a former suit between the parties the demurrer to the declaration was sustained and final judgment entered thereon. This suit was then instituted, the declaration in which contains many essential allegations which were omitted in the first declaration.

To the declaration in this second suit a similar demurrer was interposed as had been filed to the declaration in the first suit, and this second demurrer overruled, the court holding upon the trial that the evidence did not sustain the defendant's plea of a former adjudication.

We admit the correctness of the proposition that a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case as well as in the latter by matter of record; and the rule is, that facts thus established can never after be contested between the same parties or those in privity with them. * * * "But it is equally well settled that if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the

same right, for the reason that the merits of the cause as disclosed in the second declaration were not heard and decided in the first action." Gould vs. Evansville, etc., R. R. Co., 1 Otto, p. 534.

By comparing the declaration in this suit with the declaration in the former suit it will be seen that the merits of the cause as disclosed in the second declaration were not heard and decided in the first suit, hence the court committed no error in the charge as to the plea of *res adjudicata.* It was a question of law for the court and not one of fact for the jury.

5th. There was no error in the charges prepared and given by the court numbered two and three. We think these instructions contain correct propositions of law, propositions which are sustained by numerous decisions. Most of the authorities referred to in the discussion of the first assignment of error apply to these instructions.

Admitting that the city of Gainesville was the owner of the fee of the street it could not authorize the construction and maintaining of a railway track along them for cars to be run by steam without compensation to the abutting lot owner specially injured thereby. If the fee of the streets be in the city or the public, it is held in trust for public use —" a trust like any other to be exercised in good faith. It was created to give permanency to streets and to apply them wholly to the use of the public. But in addition to the public benefit every lot owner whose lot abuts on a street has a special interest therein distinct from the public at large. * * * The easement appendent to the lot, unlike the right of one lot owner on the lot of another, is as much property as the lot itself." Burlington and Missouri R. R. Co. vs. Reinhackle, 15 Neb., 279; Crawford vs. Village of Delaware, 7 Ohio St., 459; Street Railway

vs. Cumminsville, 14 id., 547 ; Hatch vs. C. & I. R. Co., 18 id., 92.

" After a careful review of the authorities," said the Chief-Justice, in delivering his opinion in South Carolina R. Co. vs. Sturies, 44 Ga., 546, "I am not satisfied that the use of a public street in a city by steam power is within the legitimate use of such street. I think the streets may be used and bars laid upon them and cars drawn over them by horses ; but there is something in a locomotive power, in throwing smoke into the houses along the street, its tremendous weight shaking the houses and breaking plastering and walls, and in the noise and screeching of whistles, which, in the machinery employed, may make it the subject matter of injury, which the horse car, slowly driving along, would not occasion. It is not in the use of the street for cars, but in the mode of use, and, as an original proposition, I gravely doubt the right of any power to take a street dedicated to public use for the citizens and convert it into a railroad track without the consent of the property holders thereon, when it comes to an obstacle to a great thoroughfare, and the law provides no compensation."

We will now consider the question of the ownership of the fee in the soil of the street opposite the plaintiff's lots described in the declaration. It seems from the record that the deeds of conveyance, under which he holds the lots, do not, in explicit terms, convey to him to the centre of the street, but we insist that this is not indispensably necessary in order to make him the owner of the fee thereof. It has been repeatedly held that the conveyance of a lot bounded upon a street, in the absence of legislative enactment to the contrary, carries the land to the centre of the street, there being no distinction in this respect between the streets of a city and a country highway, and the grantee goes to the centre of the street, though the conveyance

contains no reference to the street, and the depth of the lot is stated by figures which would not include any part of the street.    Bissell vs. N. Y., &c., R. R. Co., 23 N. Y., 61; Hammond vs. McLachlon, 1 Sand., 323; Styles vs. Custis, 4 Day, 328; Wager vs. Troy, &c., R. R. Co., 25 N. Y., 526.

In the recent decisions the general rule has been repeatedly declared, that a deed bounding land generally by a highway, with no restriction or controlling words, conveys the grantor's title in the land to the middle of the highway. Boston vs. Richardson, 13 Allen, 152; Newhall vs. Ivinson, 8 Cush., 598; Philips vs. Bowen, 7 Gray, 24; Fisher vs. Smith, 9 Gray, 444; Hallenbeck vs. Rowley, 8 Allen, 473.

Such is the presumption even as to ancient highways. Rice vs. Worcester, 11 Gray, 283; Banks vs. Ogden, 2 Wall., 68; March vs. Burt, 34 Vt., 289.

To prevent a grant having this effect, there must be language expressly excluding the street.    Adams vs. Saratoga and Washington, 11 Barb., 414; Herring vs. Fisher, 1 Sands, 344; Jones vs. Cowman, 2 Sandf.; Anderson vs. Dean, 4 Rob., 35; Coster vs. Peaters, 5 Rob., 192; Wetmore vs. Law, 22 How. Pr., 130; Dunham vs. Williams, 36 Barb., 136; Mum. vs. Warrall, 53 N. Y., 44.

In the case of Cox. vs. Louisville, etc., R. R. Co., 48 Ind., the conclusion reached was that towns and cities laid out in accordance with the statutes of the State upon the subject, take but an easement upon the public streets, and that the fee in the street remains in the proprietor and his grantees, of the lots abutting upon such streets.    This decision was approved in a number of subsequent cases.

This court held in the case of Lutterloh vs. Mayor and Town Council of Cedar Keys, 15 Fla., 308, that the right of occupancy of the streets by the public is a mere easement or right of passage, that the rights of owners of adja-

cent lots fronting on the streets are greater than these. They have also a private right and interest. The purchasers of town lots have generally located their houses and invested their money with reference to the street. What is that interest which the abutting lot owner has in the street, which is greater than that which the public have? It is not a mere easement, say the court; then it must be such an interest as gives him a right to say that no additional burden shall be imposed upon it without his consent or without paying him damages therefor.

"When the public have only an easement in the street or highway, it has generally, but not always, held that against the proprietor of the soil the use of the street or highway for the purposes of a steam road is an additional burden, which under the Constitutions of the different States cannot be imposed by the Legislature without compensation to such proprietor for the new servitude." 2 Dillon, Munic-Corp., sec. 557.

6th. If the court below committed no error in the instructions which it prepared and gave, then no error was committed in the refusal to give the instructions requested by the defendant. The first, second and fourth instructions are based upon the theory that there could be no damage recovered by the plaintiff unless he proved that he was the owner of the fee in the street, no exception being made as to special damage.

We admit that the weight of authority is to the effect that the abutting lot owner cannot recover damages unless he is the owner of the fee to the centre of the street, but this doctrine we claim does not affect the plaintiff's right to recover for special damages which he proved.

Even if it be held that the city of Gainesville was the owner of the fee in the street, we insist that the plaintiff

was entitled to recover.    O. & R. V. R. R. Co. vs. Rogers, 16 Neb., 117.

In the case of Grand Rapids & Indiana R. R. Co. vs. Heiskel, 47 Mich., 393, the plaintiff's recovery for damages to her property abutting on the street over which a railroad had been constructed was affirmed, although the court held that the peculiar language of her deed excluded the presumption that it went beyond the street lines.

In reference to the third instruction requested by defendant, which the court refused to give, we have only to say that the authorities recognize the abutting lot owner's right to recover damages of the railroad company when it runs its trains at an unreasonable rate of speed.    G. R. & I. R. R. Co. vs. Heisel, 38 Mich., 62.

Or permits its cars to stand upon the track so as to block the street.    G. R. & I. R. R. Co. vs. Reich, 101 Ill., 157; A. & N. R. R. Co. vs. Garside, 10 Kans., 552; C. B. U. P. R. Co. vs. Twine, 23 Kans., 585; Iroole vs. B. & P. R. R. Co., 3 McArthur, 392.

Or where smoke, sparks or cinders are thrown upon his property.    Stone vs. F. P. & N. R. Co., 68 Ill., 394; E. L. & B. S. R. Co. vs. Combs, 10 Bush., 382.

Or for the smell and gas created by the passing trains. Caro vs. Metropolitan Elevated R. Co., 46 N. Y., 138.

We respectfully submit that the judgment of the Circuit Court should be affirmed.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellee brought suit in the county of Alachua against the Florida Southern Railway Co. for damage to real estate claimed by him in the city of Gainesville.    The declaration alleges that appellee is the owner and has been for a long time in the possession of a lot of ground on

which a livery stable abutting on West Main street and two other lots on said street, and that he is the owner of the land to the centre of said street. That the defendant company in 1881 constructed its railroad on and along said street without his consent, by which the rents which he had been receiving had been greatly decreased and the value of his livery stable diminished by reason of said company permitting cars to stand on the track for unreasonable length of time, by emissions of smoke and cinders from passing engines and the frightening of horses. The defendant demurred to the declaration. The questions as to the right of an owner of real estate abutting a public highway to the soil to the centre of such highway, and the right of a railway to lay its track on his part of said street without his consent and without proceedings to have it condemned in accordance with the law authorizing the taking of private property for public uses, are presented. It seems to be established that where a street or highway is the boundary of a lot or piece of land that the owner of such land owns the soil to the centre of such street or highway subject to the right of the public to pass and repass over and along it. 2 J. R., 363; 1 Cowen, 240; 3 Kent's Commentaries, 433; Garnet *et ux.* vs. J. St. A. & H. R. R. Co., 20 Fla., 889.

It seems also to be established that when no street or highway is specifically mentioned in the conveyance, but the land is described by words or figures and abuts on a street, that the same rule prevails. Bisel vs. New York, &c., R. R. Co., 23 N. Y., 61.

The rule seems to be based on the supposed intention of the parties, and the improbability of the grantor desiring or intending to reserve his interest in the street when he had parted with his title to the adjoining land. Such intention will never be presumed. Ib.

Although the authorities are not without conflict we think the following principles may be considered as sustained by the weight of authority and are in consonance with sound policy:

1st. That when a person owns a lot on a public street of a town or city and the fee in the soil as far as the centre of the street, the laying of a railroad track along said street wholly or partly *on his soil*, without his consent and without taking it and paying just compensation therefor in accordance with the statute regulating the method by which private property may be taken for public use, is an unlawful appropriation of the property of such owner, and that he is entitled to damage therefor. In such a case as the railroad unlawfully encumbers his land he is entitled to damage for a depreciation of the market or rental value of his premises and for annoyances to his business or to family occupation. Grand Rapids & Indiana R. R. vs. Heisel, 38 Mich., 62 ; Nix vs. Lafayette, R. R., 67 Ill., 319.

2d. That where an adjacent owner of real estate on a street of a town or city is not the owner of the fee to the centre of the street, though he is not entitled as against a company laying a railroad along said street by proper authority to recover damages for the appropriation of the soil of the street or for any incidental injury to his property from noise or smoke or like annoyances, yet he is entitled to the use of the street and may recover damages for any special injury he may sustain, if by reason of the improper laying of said track or its improper use, his right to use it is unreasonably abridged or impeded. But in an action grounded on such injury the diminution of the value of the estate of plaintiff is not a ground of damage. G. R. & I. R. R. Co., vs. Heisel. *Supra.*

3d. When a railroad is laid along a street by competent

authority in a manner not preventing the public from crossing over the same conveniently, having ample room on either side thereof for the passage of animals and vehicles and the room is sufficient to allow of their passing each other on the same side of the track when going in opposite directions, such adjacent owner not owning the soil in the street or the part thereof appropriated by said road is not injured thereby. The demurrer should have been sustained. The declaration does not allege that the track of the railroad was on any part of the soil of plaintiff. It alleges that the railroad was laid on and through West Main street and that he owned the soil to the centre of the street. We cannot infer from this that it was laid in whole or partly on plaintiff's side of the street. 25 N. Y., 526, and Randall vs. Jacksonville Street R. R., 19 Fla., 409. For this error the judgment must be reversed.

A former judgment on demurrer between the same parties, in a suit wherein the plaintiff claimed damages of the defendant for injury to his estate in consequence of laying and operating a railroad in the street on which his estate abutted, said plaintiff not claiming to be the owner of the fee in the soil to the middle of the street, is not *res adjudicata* in a suit by such plaintiff and against such defendant for damages when the declaration alleges ownership of the fee in the soil to the centre of the street. A judgment on demurrer in the first suit is no bar to a second suit when the plaintiff failed in the first suit on account of the omission of a material allegation which is supplied in the second suit. Gould vs. Evansville R. R., 1 Otto, 526.

An owner of an estate abutting on a street or highway and owning the fee in the soil to the middle of the street, while the same is subject to the use of the public for the

ordinary requirements of travel on foot or by horses and vehicles, has such property in his portion of the street as will prevent the taking thereof or any part of his side of said street by the imposition thereon of an additional burden on the soil to the usual requirements of travel, to-wit: by the laying of a railroad track thereon and the operation thereof by steam without first making just compensation therefor. G. R. & I. R. R , *supra ;* South Carolina R. R. vs. Steiner, 44 Ga., 546.

Judgment reversed and cause remanded, with leave to plaintiff to amend his declaration.