WILLIAM A. RAWLS, APPELLANT, VS. TALLAHASSEE HOTEL COMPANY, A CORPORATION, SARAH S. LEWIS, GEORGE LEWIS, EDWARD LEWIS AND WILLIAM C. LEWIS APPELLEES.

1. Assignments of error must be argued, or they will be deemed abandoned.

2. The proprietor of lots abutting on a public street is presumed, in the absence of evidence to the contrary, to own the soil to the center of the street.

3.  Under section 2071 of the Revised Statutes the care and
    management of a wife's separate statutory property is com-
    mitted to her husband, and a decree perpetually enjoining
    him from making use of her property or a portion thereof,
    in a particular manner beneficial to the property necessarily
    affects the interests of the wife adversely, so as to require
    that she be made a party to the suit in which such decree
    is sought.

4.  A decree rendered in the absence of an indispensable party
    will be reversed, and an objection of this character can be
    urged for the first time in an appellate court, or be consid-
    ered by the court of its own motion.

Appeal from the Circuit Court for Leon County.

## Statement.

On April 1st, 1895, the appellees. The Tallahassee
Hotel Company, a corporation, Sarah S. Lewis, George
Lewis, Edward Lewis and William C. Lewis, filed their
bill of complaint in the Circuit Court of Leon county
against the appellant, William A. Rawls, alleging, among
other things, that during or about the month of January,
1887, "with the consent of the legal authorities of the city
of Tallahassee," they "constructed and laid a sewer pipe
extending from the Leon Hotel (which hotel is situated in
said city on McCarty street, between Monroe and Adams
streets) along said McCarty street easterly crossing said
Monroe street, Calhoun street and Gadsden street to the
eastern end of said McCarty street," thence through the
private lands of the said George, Edward and William
C. Lewis, for a distance of about five hundred feet to the
"St. Augustine Branch;" that this sewer pipe was laid
by them for the exclusive use of said Leon Hotel and the
family residences of Sarah S., George and William C.
Lewis; that they owned, were in possession of, occupied

and used all the city lots and tracts of land along McCarty street between the Leon Hotel and the eastern end of said street (which was the eastern boundary of the city of Tallahassee), thence to the said "St. Augustine Branch," except those city lots between Monroe and Calhoun streets; that the entire expense of said sewer was paid by them, and "the said sewer and all the rights and privileges attached thereto and its use," were their private property.

The bill then alleged that the appellant, William A. Rawls, had given notice to complainants that he intended to, and would, notwithstanding their objection, "tap said sewer pipe," and connect therewith a sewer pipe for his own use; that they had refused to permit such use of their sewer pipe, and notified Rawls that he must not use it, but he persisted in his determination to do so; that Rawls threatened and was about to "tap" their said sewer pipe, which would be an injury to them and cause the casting of waste, refuse and other matter upon their premises; and that Rawls threatened to cast and empty and to deposit quantities of rubbish, waste, refuse and other matter upon their premises, for which they had no adequate remedy at law.

An injunction was prayed for, perpetually enjoining Rawls from "tapping, joining to or otherwise interfering with the said sewer pipe" and "perpetually enjoining him from dumping said matter" on complainants' premises.

Appellant filed a general demurrer to the bill for want of equity, which was overruled, and thereupon he answered the bill. He admitted that there was a sewer pipe laid between the points and along the route mentioned in the bill, but averred upon information and belief "that there was no official authorization, or license, by the legal

authorities of said city to said complainants for laying said sewer" and he denied that said sewer was laid with the consent of said authorities. He averred that he had no information as to whether said sewer was laid for the exclusive use of complainants, as alleged in the bill, or as to whether the entire expense of said sewer was paid by them, and the sewer and all the rights and privileges attached thereto, and its use were the private property of complainants; and further averred upon information and belief that if said allegations were true neither the city of Tallahassee, nor its legal authorities, had any right or power, under the law, to grant to complainants the right to construct and lay said sewer through the public streets of said city, and he prayed the same benefit of this defence as if it had been raised by demurrer to the bill.

The answer admitted that complainants owned all the lots on the north side of McCarty street, from Adams street to the eastern boundary of the city, except those lots situate between Monroe and Calhoun streets, and averred that two of the lots between said last named streets were owned at the time said sewer was laid, and ever since, by Mary M. Rawls, appellant's wife, and appellant and his family had their home and residence thereon; that the said lots had a frontage on McCarty street of one hundred and thirty feet, and that said sewer pipe was laid along the entire frontage of said lots, on the half of McCarty street next thereto, and within a few feet of the sidewalk in front of appellant's residence; that for such distance the sewer pipe was laid in the soil of the street, the fee of which was vested in appellant's wife, Mary M. Rawls, and that she had never granted or in any way given to complainants, or any of them, the right or privilege of laying

said sewer in the soil in front of her said lots, and the complainants were tresspassers thereon.

The answer alleged, on information and belief, that at the time of institution of suit the sewer pipe did not empty into the "St. Augustine Branch" at any point on the lands of any of the complainants, but upon the lands of the estate of the late James D. Westcott, and that, since the institution of suit, the complainants, or some of them, had the eastern extremity of the sewer moved to a point further north than where it formerly debouched, and on to the lands of the complainant, George Lewis.

The defendant admitted that before the institution of suit he made preparations to connect with said sewer at a point immediately in front of the lots owned by his wife, and in the soil of the street the fee of which was in his wife, for the purpose of domestic or house drainage, as he had been advised and believed and thereupon alleged he had a legal right to do; but in a spirit of abundant caution, friendliness and courtesy, before beginning said work, he sought the complainant, Edward Lewis, who, he was informed and believed, was practically the owner and manager of the Leon Hotel, and who defendant understood had laid said sewer for the drainage of said hotel, and asked his consent to connect therewith a pipe from defendant's residence; that complainant, Edward Lewis, gave such consent, and defendant thereafter began to dig a ditch from the lot of his wife to the sewer; that, after he had dug down to the sewer and was about to cut into it, the complainant, George Lewis, came to his office and made objection to his proceeding with the work and asked him to stop it; that after talking the matter over with him and afterwards with him and William C. Lewis together they proposed that if he would stop work they

would consent to his connecting with said sewer as soon as they could figure up the cost and determine what proportion thereof he should pay, for they did not want him to make the connection, and afterwards upon getting the figures claim that the "Lewis boys" had gouged him; that thereupon defendant discontinued work, which was some time in December, 1894, and after waiting, to the best of his recollection, until the first part of March, 1895, without having received any further communication on the subject from the said George and William C. Lewis, he met the latter and told him that, as they had said nothing further about the sewer in the line of their proposition, he would proceed at his convenience to connect therewith, but before taking any other steps in that direction he was served with an injunction.

The answer further averred upon information and belief that the entire sewage from the Leon Hotel, a large public house with accommodation for upwards of one hundred and fifty guests, and from the residences of William C., Sarah S. and George Lewis, all of which were large and commodious, emptied into the sewer, and was discharged into the St. Augustine Branch at the terminus of the sewer, and carried into a ditch which had been cleaned at public expense, thence drained through said ditch half way around the city of Tallahassee; that the additional drainage from the residence of defendant and his family would not increase to any perceptible degree the amount of sewage so discharged, nor perceptibly add to the "noxiousness" of said drainage; and that the injury, if any, caused thereby would be of such slight consequence that a court of equity would not relieve against the same by injunction. Defendant further denied that he had threatened to cast and empty quantities of rubbish, waste,

refuse and other matter upon the premises of complainants, or the lands owned and occupied as their premises, to the injury of said complainants.

A general replication was filed and testimony taken whereupon a decree was rendered "that the defendant William A. Rawls, his servants, agents and attorneys do henceforth and forever absolutely desist and refrain from tapping, joining other pipe to or otherwise, in any manner interfering with the sewer pipe mentioned in the bill in this cause, extending from the Leon Hotel along McCarty street easterly crossing Monroe, Calhoun and Gadsden streets in the city of Tallahassee, to the eastern end of said McCarty street, thence through the private lands of the complainants of the St. Augustine Branch."

From that decree this appeal is prosecuted and error is alleged in overruling defendant's demurrer to the bill, and in rendering a final decree making the injunction perpetual.

The other facts are stated in the opinion of the court.

GLEN, C. (*after stating the facts.*)

The assignment of error that the court erred in overruling the demurrer to the bill is not so argued under the rule on the subject as to demand any consideration on the part of the court, and will, therefore, be treated as abandoned.

The second and only other error assigned is that the court erred in making the injunction perpetual. The appellees alleged in their bill that the sewer pipe in question was constructed and laid along McCarty street in the city of Tallahassee with the consent of the legal authori-

ties of the city. The answer denied this, and further denied the power of the city, or its legal authorities, to grant such a right to appellees. It alleged that Mary M. Rawls, appellant's wife, was the owner of two lots having a frontage of one hundred and thirty feet on McCarty street, and that the sewer pipe was laid along the entire frontage of said lots, on the half of McCarty street next thereto, in the soil of the street the fee of which was vested in the said Mary M. Rawls. In the evidence there appears a stipulation by the parties that the said Mary M. Rawls "had a deed in fee to the lots on the northwest corner of Calhoun and McCarty streets, and numbered 117, 120, 121, 122, in the North Addition of Tallahassee, having a frontage on McCarty street, according to the map of the city of Tallahassee, one hundred and thirty feet." It further appeared, both from the evidence introduced on the part of the appellant and that introduced on the part of the appellees, that the sewer pipe was laid in the soil of McCarty street, north of the centre of said street and therefore on the side of the street abutting and immediately in front of the lots admitted to be the property of Mrs. Rawls. It also further appeared from the testimony that appellant extended a sewer pipe for domestic purposes from a residence on the lots owned by his wife to the said pipe laid by appellees and proposed to form a connection therewith, and that in doing so he asserted no individual right separate from that connected with the ownership of his wife in the soil in which the pipe was extended. His action in reference to laying the pipe was consistent with that of representative of his wife in providing sewerage for her separate statutory real property and it appears that he acted solely in that character. Under our statute the care and management of the wife's separate property

is committed to her husband. Revised Statutes, Sec.
2071; Marye v. Root, 27 Fla. 453, 8 South. Rep. 636;
Fairchild v. Knight, 18 Fla. 770, text 784; McGill v.
McGill, 19 Fla. 341. The decree rendered required the
appellant to henceforth and forever absolutely desist and
refrain from tapping, joining other pipe to or otherwise
in any manner interfering with the sewer pipe mentioned
in the bill." Mrs. Rawls was conceded to be the proprie-
tor of the lots abutting on McCarty street, in front of
which, and on the side of the street adjacent thereto, the
sewer pipe of appellees was laid. In the absence of evi-
dence to the contrary, she is presumed to have owned the
soil of the street to the centre thereof. Florida So. Ry.
Co. v. Brown, 23 Fla. 104, 1 South. Rep. 512; Lovett v.
State, 30 Fla. 142, text 166-167, 11 South. Rep. 550;
Jacksonville, Tampa and Key West Ry. Co. v. Lockwood,
33 Fla. 573, 15 South. Rep. 327. An abutting proprietor
owning to the centre of the street has the right to use the
soil thereunder for all purposes consistent with the full
enjoyment of the public easement. Allen v. City of
Boston, 159 Mass. 324, 34 N. E. Rep. 519; Elliott on
Roads & Streets (2nd. ed.) Sec. 690. This right follows
as a necessary incident of the ownership, and extends to
any lawful use, so long as such use is consistent with the
rights or necessities of the public. Under the decree ren-
dered by the court the appellant, as the statutory custodian
of what must be presumed to be the property of Mrs.
Rawls, was, in effect, perpetually enjoined from using her
property in such a manner as to interefere with the sewer
pipe of appellees, and the decree thus, if not otherwise,
adjudicated rights affecting Mrs. Rawls, in the enjoy-
ment of her property, although she was not a party to the
suit. For the reason that Mrs. Mary M. Rawls was a

necessary indispensable party the decree should be reversed. Craver v. Spencer, 40 Fla. 135, 23 South. Rep. 880; Nelson v. Haisley, 39 Fla. 145, 22 South. Rep. 265; Lyon v. Register, 36 Fla. 273, 18 South. Rep. 589; Greeley v. Hendricks, 23 Fla. 366, 2 South. Rep. 620; Wykes v. Ringleberg, 49 Mich. 567, 14 N. W. Rep. 498; Beasley v. Shively, 20 Oregon, 508, 26 Pac. Rep. 846. This defect as to parties renders it improper for this court to consider other questions involved.

The decree appealed from should be reversed and the cause remanded for further proceedings consistent with this opinion.

Hocker, C., and Maxwell, C., concur.

Per Curiam.

The foregoing opinion has been examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.

(Chief Justice Taylor, on account of sickness in his family, did not participate in this decision.)