BERTHA K. SMITH, *Plaintiff in Error,* v. C. L. HORN, *Defendant in Error.*

Opinion filed December 10, 1915.

Where the owner of land has it surveyed, mapped and platted showing subdivisions thereof, with spaces for intervening streets or other highways between the subdivisions clearly indicated upon the map or plat, and conveyances in fee of the subdivisions are made with reference to such map or plat, the owner thereby evinces an intention to dedicate an easement in the streets or other highways to the public use as

such, the title to the land under the street remaining in the owner or his grantees; and where such conveyances are made with reference to the map or plat, the dedication of the easement for street purposes cannot be subsequently revoked as against the grantees, and the title of the grantees of subdivisions abutting on such streets in the absence of a contrary showing, extends to the center of such highway subject to the public easement. And where the highway is lawfully surrendered the then holder of the title to abutting property and to the center of the street has the property relieved of the public easement.

Writ of Error to Circuit Court, Volusia County, Jas. W. Perkins, Judge.

Judgment affirmed.

*F. W. Pope,* for Plaintiff in Error;

*Landis, Fish & Hull* and *H. A. Horn,* for Defendant in Error.

WHITFIELD, J.—In an action of ejectment there was judgment for the defendant, and the plaintiff took writ of error. It appears by an agreed statement of facts that the plaintiff Bertha K. Smith is the heir of John W. Smith, deceased; that said John W. Smith was the original owner of property which he had surveyed, mapped and platted as "Memento" and filed the plat with the Clerk of the Circuit Court; that the property in controversy is a part of "Memento," being the part shown on the map as "Cemetery Street," lying between Seabreeze Avenue and Duke Street, and between Blocks 14 and 19 of "Memento" as platted; that from the time of making and filing said map of "Memento" until the commencement of

this suit, the property described in plaintiff's declaration
has never been used as a street, highway or passageway
by the public or any persons; that the town has never
taken any steps toward clearing, grading or in any man-
ner improving the said street for street purposes or any
other public purposes; that however the property up until
the time of the vacation of the same was not fenced nor
claimed by any person as against the easement of the
public; that neither the plaintiff, nor her father, John W.
Smith, have owned any property on either side of the
land described in plaintiff's declaration since July 18th,
1902; that the defendant claims title to the said land in
which he is in possession, as an abutting owner of a part
and as a purchaser of the balance, through the following
chain of title; that on February 10th, 1885, John W.
Smith secured a patent to lots 3 and 4, section 5, town-
ship 15 south, range 33 east, the property described in
plaintiff's declaration being a part thereof; that in Au-
gust, 1884, John W. Smith had such property surveyed,
mapped and platted and called it the town of Memento,
dividing it into lots and blocks and separating the blocks
by streets and giving the streets names. The land de-
scribed in plaintiff's declaration being the street as shown
on said map as lying between blocks fourteen and nine-
teen and between Seabreeze Avenue and Duke Street;
that on February 14th, 1890, John W. Smith, joined by
his wife, conveyed by warranty deed to W. A. Glover, all
of block nineteen of Memento, according to the map of
Memento, on record; that on April 5th, 1895, W. A.
Glover, joined by his wife, conveyed by warranty deed to
C. C. Post all of block nineteen of Memento, according to
the map of Memento on record; that on May 13th, 1903,
C. C. Post, joined by his wife, conveyed by warranty

deed to C. L. Horn, all of block nineteen of Memento, according to the map of Memento on record; that C. L. Horn, the defendant, is still the owner of the west five feet of the southerly one hundred and ten feet of block nineteen of Memento, this strip of land lying next to and abutting that part of the lands described in plaintiff's declaration which defendant claims as an abutting owner, claiming to the center of the said street; that, on July 18th, 1902, Bertha K. Smith, plaintiff herein, joined by her husband, by warranty deed, conveyed to the Pinewood Cemetery Association all of block fourteen, Memento, excepting such lots or parts of lots as they had previously conveyed, such property having come to her as heir of John W. Smith, deceased; that on September 28th, 1912, the Pinewood Cemetery Association conveyed to C. L. Horn, the defendant herein, a strip of land ten feet wide and one hundred and ten feet long, being the east ten feet of the southerly one hundred and ten feet of the west one-half of the land described in plaintiff's declaration, the Cemetery Association claiming title thereto as an abutting owner of said vacated street; that in the early part of the year 1905, the town of Daytona Beach, Florida, was incorporated under the general incorporation laws of the State of Florida; that the town council of the town of Daytona Beach, Florida, authorized D. D. Rogers, C. E., to make a map of the incorporated town of Daytona Beach; that a map of the said town of Daytona Beach was so made and placed on record in the office of the clerk of the Circuit Court of Volusia county, Florida, on January 8th, 1906, a certified copy of said map being hereto attached and marked "Exhibit B"; that on the map of the incorporation of the town of Daytona Beach, Florida, above referred to, the

property described in plaintiff's declaration is described thereon as "Hollywood Street:" that on the 28th day of February, 1910, the town council of the town of Daytona Beach, Florida, passed an ordinance vacating as a street the property described in plaintiff's declaration, which said street is and was within the incorporated limits of the town of Daytona Beach, Florida; that on May 9th 1914, the heirs of John W. Smith, by their attorney, F. W. Pope, sent a communication to the mayor of the town of Daytona Beach, Florida, notifying him that the heirs of John W. Smith, deceased, thereby withdrew any dedication or intended dedication to the land described in plaintiff's declaration.

For the plaintiff in error it is contended that since it is expressly stipulated "that from the time of making and filing said map of 'Memento' until the commencement of this suit, the property described in plaintiff's declaration has never been used as a street, highway or passageway by the public or any persons; that the town has never taken any steps toward clearing, grading or in any manner improving the said street for street purposes or any other public purposes; that, however, the property up until the time of the vacation of the same was not fenced nor claimed by any person as against the easement of the public," the title to the space designated as a street on the map remained in the dedicator and consequently the judgment should have been for the plaintiff. This contention would have force in determining the rights of the parties if it were not also expressly stipulated that the dedicator subsequently conveyed block 19 of "Memento" "according to the map of Memento on record"; and that the dedicator's sole heir conveyed "all of block fourteen. Memento, excepting such lots or parts of lots as had been pre-

viously conveyed, such property having come to her as heir of John W. Smith, deceased."

Where the owner of land has it surveyed, mapped and platted showing subdivisions thereof, with spaces for intervening streets or other highways between the subdivisions clearly indicated upon the map or plat, and conveyances in fee of the subdivisions are made with reference to such map or plat, the owner thereby evinces an intention to dedicate an easement in the streets or other highways to the public use as such, the title to the land under the street remaining in the owner or his grantees; and where such conveyances are made with reference to the map or plat, the dedication of the easement for street purposes cannot be subsequently revoked as against the grantees, and the title of the grantees of subdivisions abutting on such streets in the absence of a contrary showing, extends to the center of such highway subject to the public easement. And where the highway is lawfully surrendered the then holder of the title to abutting property and to the center of the street has the property relieved of the public easement. See Moody v. Palmer, 50 Cal. 31; Trustees M. E. Church, Hoboken, v. Mayor and Council of Hoboken, 33 N. J. L. 13; Winter v. Payne, 33 Fla. 470, 15 South. Rep. 211; Porter v. Carpenter, 39 Fla. 14, 21 South. Rep. 788; Price v. Stratton, 45 Fla. 535, 33 South. Rep. 644; Florida E. C. R. Co. v. Worley, 49 Fla. 297, 38 South. Rep. 618; Paine v. Consumers' Forwarding & Storage Co., 71 Fed. Rep. 626; Garnett v. Jacksonville, St. A. & H. R. R. Co., 20 Fla. 889; Florida Southern R. Co. v. Brown, 23 Fla. 104, 1 South. Rep. 512; Lovett v. State, 30 Fla. 142, 11 South. Rep. 550; Rawls v. Tallahassee Hotel Co., 43 Fla. 288, 31 South. Rep. 237; Robbins v. White, 52 Fla. 613, 42 South. Rep.

841; Seaboard Air Line Ry. v. Southern Inv. Co., 53 Fla. 832, 44 South. Rep. 351; 5 Cyc. 911; 8 R. C. L. § 18.

"Unless the deed manifests an intention on the part of the grantor to limit the boundary line, the line, when the land is bounded by a non-navigable stream or highway, extends to the center of such stream or highway, if the grantor is the owner of the fee. Hence, where a deed describes the land conveyed as extending five hundred feet to a street or avenue, and thence at right angles along the street one hundred and twenty feet, etc., to the place of beginning, the fee of the land to the center of the street is conveyed subject to the public easement, notwithstanding the line of five hundred feet extends only to the side of the street and not to its center. When the avenue is no longer used as a street, the land is freed from the easement." 2 Devlin on Deeds (3rd ed.) §1024. This rule is one for construing conveyances, and must be applied to carry out, and not to frustrate the intention of the parties. Where no contrary intent appears, a conveyance to a street carries title to the center of the street, subject to the public easement, the title to the land under the street passing by construction and not as appurtenant to the abutting land. In this case the plaintiff and her predecessor in title having conveyed the land abutting on both sides of the street without manifesting a contrary intent, the title to the land under the street passed from the grantors by virtue of such conveyances of the abutting land; and the plaintiff has no title to the land under the street. The fact that the space dedicated as a street was not used as such cannot affect the rights of grantees who purchased with reference to the plat showing the dedication of the space for the purposes of a street. And if the street ease-

ment over the land be lawfully abandoned or surrendered, the owner of the land holds it discharged of the easement.

In view of the agreed statement of facts, it must be assumed that the conveyances in question were made with reference to the streets as marked on the plat or map filed among the public records of the county. Though the spaces marked for streets were not in fact used as streets, yet the conveyances of lots abutting on the spaces marked on the map as streets, by construction of law to effectuate the manifest intention of the parties, carries title to the middle of the space marked as streets on the map or plat on file, there being no contrary intent shown.

Judgment affirmed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

COCKRELL, J., absent on account of sickness.