FERGUSON, Judge.
The question presented is whether a purchaser of land adjacent to a dedicated alley — use of which alley is and has been for forty-five years beneficial to the purchased land — has a continued right of easement in that alley even after the alley reverts to private ownership.
In 1925, the Peters-Kelly Investment dedicated certain streets and lands to “the public for proper purposes reserving ... the reversion or reversions thereof whenever discontinued by law.” The strip of land which is the subject of the present controversy was part of that dedication. Appellant/Mrs. Childs, is the owner of a twelve-unit apartment which abuts the strip of land. The alley, a fifteen-foot wide pavement, is used by Mrs. Childs’s tenants to reach a parking area at the rear of her building. The legal description in Mrs. Childs’s deed gives her title to “Lots 11-18, Block 3, of Sunny Grove Subdivision”; the plat shows the disputed alley as a 214-foot long strip, open at both ends, running adjacent to the rear of Mrs. Childs’s lots.
The alley appeared on the county tax rolls for the first time in 1958[1] as owned by the original grantor, the Peters-Kelly Company. Peters-Kelly, in 1960, quit-claimed the alley to North Dade Investments, Inc. In 1971, North Dade Investments conveyed the property by warranty deed to two other persons who failed to pay taxes on it. The alley was transferred to appellees by tax deed in 1980 for the sum of $869.31.
Appellees/Weissman and Steiner, as new owners, demanded that Mrs. Childs purchase or lease the alley or else they would barricade it and force her tenants to find another route to and from the rear of the building. She refused to do either and instead asserted an easement right. Weiss-man and Steiner then initiated this action for declaratory judgment. The appeal is taken from a final judgment which concluded that, as a matter of law, Mi’s. Childs has no easement by prescription, necessity or otherwise. We disagree.
When appellant took title to her property, the abutting alley was materially beneficial to the enjoyment and use of her eight lots. *606 Her rights (and those of her predecessors in interest) to the use of the adjacent alley did not depend on the dedication of the alleyway to the county, but upon a private easement implied from the sale of land with reference to a plat showing streets and alleys subject to use and enjoyment by the purchaser of the dominant land. Reiger v. Anchor Post Products, Inc., 210 So.2d 283 (Fla. 3d DCA 1968); Spencer v. Wiegert, 117 So.2d 221 (Fla. 2d DCA 1959). When the lots abutting the alley were purchased by appellant, her rights to the use of the alley were vested immediately, on the bases of principles of law applicable to private property interests, and the reversionary interest in the alley, if valid,[2] was subject to an easement in favor of the public. See United States v. 16.33 Acres of Land in County of Dade, 342 So.2d 476 (Fla.1977) citing Servando Building Co. v. Zimmerman, 91 So.2d 289 (Fla.1956); Smith v. Horn, 70 Fla. 484, 70 So. 435 (1915); Florida Southern Railway Co. v. Brown, 23 Fla. 104, 1 So. 512 (1887).
Reversed and remanded with instructions to enter judgment for appellant.

. The fact that the property never showed on the tax rolls from 1925 to 1958 is, according to the county, evidence that the property was publicly owned. The act of placing the property on the tax roll in 1958 is interpreted as an act of rejection — thirty-three years later — of the 1925 dedication.

. Another issue — the validity of the reverter provision — though not raised by the parties, is suggested by the facts. But we need not decide whether the reverter provision in the original grant became null and void before the claimed 1958 reversion, based on an application of Section 689.18, Florida Statutes (1981), which provides:
(6) Any holder of a possibility of reverter who claims title to any real property in the state, or any interest therein by reason of a reversion or forfeiture under the terms or provisions of any deed heretofore executed and delivered containing such reverter or forfeiture provision shall have 1 year from July 1, 1951, to institute suit in a court of competent jurisdiction in this state to establish or enforce such right, and failure to institute such action within said time shall be conclusive evidence of the abandonment of any such right, title, or interest, and all right of forfeiture or reversion shall thereupon cease and determine, and become null, void, and unenforceable.
It would appear that the Peters-Kelly Company had nothing to quit-claim to North Dade Investments in 1960; thus, there was nothing for appellees, eventual purchasers, to take by tax deed in 1980.