MILLS, Judge.
The issues in this declaratory judgment action are whether the trial court had jurisdiction to grant declaratory relief and whether the rule set forth in Smith v. Horn, 70 Fla. 484, 70 So. 435 (1915), applies to the facts of this case. Judgment was entered for the plaintiffs (appellees) and the defendants (appellants) appeal.
The defendants are the owners of several lots of land fronting on Spanish Point Drive in Jacksonville, while the plaintiffs are the owners of several lots fronting on Tontine Road. The rear property lines of both sets of lots are separated by a thirty foot right of way which is the subject of this lawsuit.
All of the land in question was at one time owned by the Woodham Corporation. Woodham began developing lots for sale, and on 14 August 1961, it filed a plat for the Spanish Point Drive property in the public records of Duval County. On that plat, it was noted that a thirty-foot right of way contiguous with and located immediately to the north of the lots was irrevocably and without reservation dedicated to the City of Jacksonville for drainage and utilities purposes.
Subsequently, Woodham’s successor in title developed the Tontine Road property. A plat of that property was filed in the public records of Duval County on 22 March 1976.
After the City of Jacksonville passed an ordinance on 22 September 1980 abandoning the right of way, the plaintiffs brought an action seeking a declaratory judgment as to their rights in the strip of land. They contended that they owned all the land up to the center line of the former right of way, while the defendants claimed ownership of the entire strip. The trial court agreed with the plaintiffs and entered judgment accordingly.
Defendants contend that the trial court did not have jurisdiction to grant declaratory relief under Section 86.011, Florida Statutes (1979). This contention is without merit. To trigger jurisdiction under this section, the moving party must demonstrate that he is in doubt as to the existence or nonexistence of some right and that he is entitled to have such doubt removed. Flagship Beal Estate Corp. v. Flagship Banks, Inc., 374 So.2d 1020 (Fla. 2d DCA 1979). As the disposition of this right of way affected the boundary line to the Tontine Road lots, the trial court clearly had jurisdiction to grant declaratory relief.
On the merits, the trial court correctly applied the rule of Smith v. Horn, supra, in setting the boundary between the *316 two sets of lots at the center line of the abandoned right of way.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.