LARRY G. SMITH, Judge.
Appellants appeal a final judgment quieting title to the easterly one-half of an alley in appellees. The ten foot alley runs north and south separating appellants’ lot from those of appellees, the west boundary of appellees’ lots facing the east boundary of the alley, and the east boundary of appellants’ lot facing the west boundary of the alley. We affirm.
The Morrows owned lots 19 through 23 of Block 6 of the New Riverside subdivision in Jacksonville. When New Riverside was first platted, provision was made for a ten foot alley lying west of and abutting lots 19 through 23. Several years later, on or about March 1, 1979, the City of Jacksonville passed an ordinance closing, vacating and abandoning the alley. On June 27, 1979, the Morrows conveyed lots 19 through 23 by lots and block number only, to appel-lees. The alley is not mentioned in the deed.
Appellants at all times owned lot 18, block 6 of New Riverside which lies west of and abuts the alley. In December, 1980, the Morrows conveyed to appellants, by quit claim deed, the easterly one-half of the abandoned alley. Thereafter, appellants took possession of the property and constructed a fence on that portion, obstructing appellees’ access to the alley. Appellees brought a quiet title action and sought removal of the fence in the alley. The trial court entered a final judgment finding that the quit claim deed from the Morrows to appellants constituted a cloud on appellees’ *317 title to the easterly one-half of the closed alley and quieting title to that property in appellees. Appellants were ordered to remove their fence from the alley.
When the Morrows conveyed lots 19 through 23 to appellees, they conveyed not only title to the lots described in the deed, but also title to the center line of the alley abutting the lots. Servando Building Company v. Zimmerman, 91 So.2d 289 (Fla. 1956); and Smith v. Horn, 70 Fla. 484, 70 So. 435 (1915). The fact that the alley had been vacated prior to the conveyance does not alter this result. Calvert v. Morgan, 436 So.2d 314 (Fla. 1st DCA 1983). See, also, Greenberg v. L.I. Snodgrass Co., 161 Ohio St. 351, 119 N.E.2d 292, 49 A.L.R.2d 974 (1954). Finally, the trial court correctly ruled that the parole evidence rule precluded appellants from introducing evidence concerning Mr. Morrows’ intentions when he conveyed lots 19 through 23 to appellees. Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943); Florida Moss Products v. City of Leesburg, 93 Fla. 656, 112 So. 572 (1927).
Accordingly, we affirm the trial court’s evidentiary ruling and the final judgment in its entirety.
ERVIN, C.J., and MILLS, J., concur.