528 So.2d 432 (1988)
Roger H. DEAN, Appellant/Cross Appellee,
v.
MOD PROPERTIES, LTD., Etc., Appellee/Cross Appellant.
No. 87-1816.
District Court of Appeal of Florida, Fifth District.
June 16, 1988.
As Amended June 23, 1988.
Dykes C. Everett of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellant-cross appellee.
Joseph E. Foster of Akerman, Senterfitt & Eidson, Orlando, for appellee/cross appellant.
COWART, Judge.
Appellee, MOD Properties, Inc., was the owner of a trapezoidal shaped parcel of land fronting about 400 feet on the east side of Highway 17 and 92 and running back east about 852-984 feet when, in 1974, it executed to the City of Sanford a "Road Right-of-Way Easement" eighty feet wide, described by metes and bounds, running from the highway easterly through the parcel of land. The document is titled an easement and expressly provides that the described land was conveyed "for the full purpose of road right-of-way," stating:
The Grantor does hereby dedicate the herein above described property for public road right-of-way purposes to The City of Sanford, general public, however, reserving at all times to MOD Properties, Ltd., a Florida Limited Partnership, its successors or assigns the reversion or reversions thereof whenever said road right-of-way shall be abandoned or discontinued by law.
The City of Sanford never opened, improved, or otherwise used this right-of-way easement.
In 1984, appellee MOD conveyed to Donald J. Bales by warranty deed the entire parcel "less and except the following described easement," (emphasis added) specifically describing the land described in the easement given the City of Sanford. In *433 a similar manner, Donald J. Bales and wife conveyed to Horne Properties, Inc., which company on January 15, 1985, in like manner conveyed to appellant Roger H. Dean.
In September 1985, the City of Sanford by ordinance formally expressed its intention to abandon the road right-of-way in question. The City may have in fact abandoned the easement prior to the ordinance. In September, 1985, appellant Dean constructed a car dealership on said parcel, much of the improvements being in the area described in the easement to the City of Sanford.
Appellee MOD sued appellant Dean for possession of the land described in the right-of-way, alleging in effect that MOD had reserved to itself the eighty foot strip from its conveyance to Bales and that by virtue of the reservation language in its conveyance to the City and the City's abandonment, MOD was the owner in fee of said eighty foot strip of land.
The trial court found (1) that the City of Sanford had, not by ordinance but in fact, abandoned the easement which abandonment caused the fee simple title to the eighty foot strip to revert to appellee MOD and not to appellant Dean as adjoining land owner; (2) that MOD owned the fee simple title to the eighty foot strip; and (3) that appellant Dean constructed his improvements in the belief that he owned the eighty foot strip, which constituted an equitable basis for ordering MOD to convey the strip to Dean for its fair market value which the court found to be $128,000. Accordingly, the trial court entered a money judgment in favor of MOD and against Dean for $128,000 and ordered MOD to convey the eighty foot strip to Dean. Both parties appeal.
Ownership of land, or an ownership interest in land, constitutes an "estate" as distinguished from an easement, which is the right in one other than the owner of the land to use land for some particular purpose or purposes. An easement, or right to use land not owned, is more in the nature of a claim or encumbrance against the title to the land than it is in the nature of title to, or an estate in, the land itself. Land, an estate in which is being created or conveyed, is often legally described by metes and bounds, and, likewise, the area of land the use of which is being created, granted, or reserved as an easement is often described by metes and bounds. Similarly, the same words of limitation generally used to create or convey an estate in land, although not necessarily required, are commonly used to create or convey an easement. The owner of land as grantor may (1) convey to another (grantee) the full unconditional (fee simple absolute) title to the land or some lesser estate therein; (2) convey to another the title to the land and reserve to the grantor some easement in, or right to use, the land conveyed; or (3) convey to another some easement in, or right to use, the land. However, it is an anomaly to convey the (fee simple absolute) title to land to another, and at the same time to also convey to the same grantee (or to "dedicate" the conveyed land to) some specific use of the same land, because the ownership interest so conveyed includes the right to make all uses of the land in the absence of some express limitation on the estate conveyed.
When an estate in land is conveyed subject to a condition subsequent (conditional fee) or subject to an estate in the land returning to the grantor upon the termination of some existing condition, event, or use (a determinable or qualified fee) it is, of course, necessary to expressly reserve that right to the grantor; otherwise the unqualified, unconditional conveyance will be of the whole estate (fee simple absolute). However, this is not true as to the creation or granting by the fee owner of an easement to another because of the easement or right of use is limited by time or the occurrence of some event (such as abandonment) or is otherwise terminated for any reason, no title or interest in the land is returned to the title holder from the prior easement holder. The mere termination of the outstanding easement results in the owner's title becoming free of, and no longer encumbered or burdened by, the easement. This is the reason easements are merely terminated or abandoned somewhat in the *434 manner other encumbrances, such as liens, on or against the legal title to land are not reconveyed to the title holder but merely cancelled or satisfied.
The draftsman of the "road right-of-way easement" to the City of Sanford in 1974 was certainly not clear as to the legal differences and distinctions as to landed estates, easements, and licenses. However, the implication of a conveyance of the fee simple title raised by the inept words "the reversion or reversions thereof" is, in our opinion, clearly overwhelmed by the repeated qualified phrases limiting the interest conveyed to be for the "purpose of road right-of-way" and "for public road right-of-way purposes," as well as the title of the document, and constituted the creation and granting to the City of Sanford of an easement for a right-of-way for a public road and did not convey the fee simple title, nor did it convey a conditional, qualified, or determinable fee estate subject to any right of reverter in the grantor MOD. This construction is consistent with common practice and common sense in that, while certainly a governmental agency can acquire title to and construct a road on the land to which it has title, only an easement is needed to lawfully construct and maintain a road right-of-way on and over land. Also, the language in the conveyance from MOD to the intervening grantees-grantors to Dean "less and except the following described easement" (emphasis added) did not serve to reserve to MOD any right of reversion as to the fee simple title but served simply to exclude the recorded easement in favor of the City from the title interest being conveyed and to prevent the recorded easement from constituting a breach of the covenants of warranty in each deed.
The fee title to the eighty foot strip having passed by mesne conveyances to appellant Dean upon the City's abandonment of the public right-of-way easement, either in fact or by ordinance, Dean's title to the underlying fee was no longer encumbered by the easement.[1] This disposition of this case eliminates the need to review the correctness of the trial court's award of a money judgment to MOD in lieu of possession of the land it claimed and of the other issues raised on the cross appeal.
The final judgment below is reversed and the cause remanded with directions to enter judgment in favor of appellant Dean.
REVERSED and REMANDED.
SHARP, C.J., and COBB, J., concur.
NOTES
[1] See United States v. 16.33 Acres of Land in County of Dade, 342 So.2d 476, 478 (Fla. 1977); Smith v. Horn, 70 Fla. 484, 70 So. 435 (1915); Florida Southern Railway Company v. Brown, 23 Fla. 104, 1 So. 512 (1887); Servando Building Co. v. Zimmerman, 91 So.2d 289, 291 (Fla. 1956); Emerald Equities, Inc. v. Hutton, 357 So.2d 1071 (Fla. 2d DCA 1978). See also 2 G. Thompson, Thompson on Real Property § 381 p. 513 (1980):

A transfer of the land subject to or even excepting the right-of-way passes title to the underlying fee to the grantee. So when the right-of-way is abandoned the then owner of the property out of which the easement was carved and not the original grantor or his heirs takes the undergoing fee free of the burden of the easement.