## HARRIETTA V. HELM

*v.*

## JOHN K. WEBSTER.

1. REVERSION—*on vacating a street.* Where a party, in conveying land to a city for a street, provides in his deed that, when the same shall cease to be used as a street, or the street shall be abandoned or vacated, it shall revert to the grantor, his heirs or assigns, on vacation of the street the land will pass back to such grantor or his assigns, by virtue of such clause, and also upon general principles, without such a reservation.

2. DIVESTITURE OF TITLE—*by legislative action.* Where, by the terms of the conveyance of land for a street, or under the law in force at the time of the opening of a street, the title to the ground embraced by the street will revert to the former owner on its abandonment or vacation, the legislature has not the power under the constitutional limitations to divest such former owner of his right, and to vest the title in another.

3. BOUNDARY—*owner of lot takes no title to street.* The limits of a lot abutting upon a street is the extent of the ownership, and it can not be asserted beyond those lines and extended into the street on its vacation.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. ARNTZEN & MOORE, for the appellant.

Messrs. KEATH & SPRIGG, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was ejectment, in the Adams circuit court, brought by John K. Webster, plaintiff, and against Harrietta V. Helm, defendant, to recover the possession of the south half of Jersey

street, adjoining lot six (6), in block five (5), in the city of Quincy, described in the declaration by metes and bounds.

On plea of not guilty pleaded, the cause was tried by the court without a jury, and there was a finding for the plaintiff, that the fee of the land was in him, and judgment accordingly. To reverse this judgment the defendant appeals.

The leading facts are, that Samuel Holmes, then being the owner of the land on which this street was projected, on the 24th of August, 1855, joined with others in a deed of the premises to the city of Quincy, for the purpose of being used as a public street of the city. The deed contained this provision: "It is hereby provided and understood that, when said premises shall, after being opened as a street, cease to be used as such, or whenever such street as may be opened over said premises shall be abandoned or vacated by said city, the same shall revert to the present owners thereof, their heirs or assigns, the same as though this deed had never been made." This deed was duly acknowledged, delivered and recorded, and on the first day of October, 1855, the same was accepted by a vote of the city council, and the land used as a public street of the city, and so continued until March 14, 1876, when the same was legally vacated by order of the city council, and wholly abandoned as a street by the city.

Ten years after the execution of this deed by Holmes, on November 18, 1865, all the right, title and interest of Holmes to the premises passed by proper conveyances, as well the reversion, to the plaintiff, Webster. Webster, on the 7th of October, 1867, for the purpose of making an addition to the city of Quincy, and sub-dividing the premises, caused the same to be surveyed and a plat thereof to be made, dividing into blocks and lots, streets and alleys, which was approved by the city council, and duly acknowledged and recorded as "J. K. Webster's addition to the city of Quincy." The street marked "Jersey street," on this plat, runs east and west, and lot six (6), in block five (5), is on the south side of that street, abutting lengthwise thereon.

After this, Webster, on the 10th of October, 1867, conveyed,

by proper deed, to M. V. B. Holmes, lots five and six, in block five, who afterwards, on December 18, 1872, conveyed the same to appellant, Harrietta V. Helm.

Appellant claims that the premises in controversy are included in block six, and passed to her in virtue of these last conveyances, and making and recording the plat, by force of the statute of 1865, and the vacation of the street by the city council.

This is the only question: who owns the south half of Jersey street.

Appellant rests her claim wholly upon this provision of the statute of 1865: When any street, etc., shall have been, or may hereafter be, vacated under or by virtue of any act or acts of this State, the lot or tract immediately adjoining shall extend to the central line of any such street so vacated, unless otherwise specially provided in the act vacating the same. Sess. Laws 1865, p. 130, sec. 1.

It can not be denied that, by virtue of Holmes' deed to appellee, of November 18, 1865, appellee became vested with all the rights reserved by Holmes in his deed of August 24, 1855; but without that reservation in this deed, Holmes, on general principles, would have been remitted to his title, on the abandonment of the street by the city. The grant of the street to the city of Quincy was only in trust for the uses and purposes set forth in the deed and intended by the parties. This is the doctrine of this court. *Trustees of Illinois and Michigan Canal* v. *Haven et al.* 11 Ill. 554; *Hunter* v. *Middleton*, 13 ib. 50, and the late case of *Gebhardt* v. *Reeves*, 75 ib. 301.

The proposition sought to be maintained by appellant, we think, has been settled against her by the cases of *St. John* v. *Quitzow*, 72 Ill. 334, and *Gebhardt* v. *Reeves*, *supra*. In those cases, the same point was distinctly made, and it was held that whatever rights appellant had in the premises, (and they were the same as those claimed by appellee here,) could not be divested by direct legislative action.

So, in the case of *Gebhardt* v. *Reeves*, *ante*, the point was

more fully discussed, and a construction put upon the act of 1851, under which the street in that case was vacated. That act authorized the corporate authorities, upon petition of the property owners, to vacate the streets, and convey by quitclaim deed any interest the city had in the street to the owners of lots and lands next adjoining. In principle, it is the same in effect as the act of 1865, and it was held, the fee plaintiff had in the street and alley could not be divested and transferred to the adjacent owners by direct legislative action. An intention to take the property of one, and transfer it to another, without compensation, ought not to be attributed to the legislature, and a law that would have that effect would be in violation of the constitution, as well as unjust. This case also holds the limits of a lot must be the extent of the ownership, and it can not go beyond those lines.

We do not think there is any just ground for the claim set up by appellant in this case. The street having been vacated and abandoned by the city, on March 14, 1876, from that time the fee reverted to appellee, and is in him, and the court decided correctly.

The judgment must be affirmed.

*Judgment affirmed.*