SAMUEL A. PLUMER v. SUSIE JOHNSTON AND CYRUS JOHNSTON.

*Dedication of street*[1]—*Rights of adjoining land-owner in—Way of necessity.*

1. Plaintiff platted a parcel of land in the city of Detroit, delineating certain streets thereon, which he dedicated to the use of the public, with a reversion to himself whenever same should be discontinued *by law*. The plat was approved by *two* of the *three* commissioners of plats, and duly recorded, but not otherwise accepted by the municipal authorities, and one of said streets was

---

[1] See *Supervisors v. Grand Rapids*, 61 Mich, 144; *Riedinger v. Marquette & West. R. R. Co.*, 62 Id. 29.

thereafter vacated and discontinued as a street by the common council of said city, upon petition of the plaintiff.

*Held,* that the platting, approval, and recording was an *offer* to dedicate, to become effectual on *acceptance,* which offer was refused, by the resolution of the council, so far as said street was concerned.

2. The grantee of a lot bounded on an *actual* street or highway takes to the center, subject only to the public easement, unless something appears on the plat or in the conveyance excluding the title from passing under a boundary so described.

3. The grantor of lots described as bounded on a street is estopped from shutting it up so as to prevent the grantee from making use of the street for his own accommodation in the enjoyment of his purchase. It becomes a matter of *private* right, and in no way depends upon the question whether the *public* has acquired a right of way or not.

4. A street on which certain lots abutted was vacated by the common council, and the land replatted so as to furnish a new street front to said lots, with an alley in the rear.

*Held,* that if the *first* street could have been originally claimed in behalf of said lots as a way of necessity, it ceased to be so on such replatting.[1]

5. Private land-owners can get no better right of way in a street than that offered to the public for acceptance. *Tapert v. Detroit, G. H. & Mil. Ry. Co.,* 50 Mich. 271.

Error to Wayne.　(Speed, J.)　Argued July 15, 1886. Decided October 14, 1886.

Ejectment. Plaintiff brings error. Reversed, and judgment entered for plaintiff, with costs of both courts, defendants to be entitled to new trial on compliance with statutory conditions, as of course. The facts are stated in the opinion.

*Lillibridge & Latham,* for appellant:

Land dedicated as a street does not become such without an acceptance of the dedication, manifested by some act of the public authorities, either formally confirming or accepting such dedication, or by exercising authority over it in some of the ordinary ways of improvement or regulation. *User* by the public of city streets does not constitute accept-

---

[1] See *Morgan v. Meuth,* 60 Mich. 253.

ance: *People v. Jones*, 6 Mich. 176; *Tillman v. People*, 12 Id. 401; *Baker v. Johnston*, 21 Id. 319; *Detroit v. Detroit & Mil. R. R. Co.*, 23 Id. 173; *Wayne County v. Miller*, 31 Id. 447; *Field v. Manchester*, 32 Id. 279.

Platting is but an *offer* to dedicate, and there must be an acceptance, or the owner can take in the proposed street: *Field v. Manchester*, 32 Mich. 279.

*John Ward*, for defendants:

The presumption is that the owners of the land on each side go to the center of the road or stream, and they have the exclusive right to the soil, subject to the right of passage in the public: 3 Kent, Com. (13th ed.) 432–434; *Sizer v. Devereux*, 16 Barb. 160; *Pettibone v. Hamilton*, 40 Wis. 402; *Kneeland v. Van Valkenburgh*, 46 Id. 434; *Jarstadt v. Morgan*, 48 Id. 245; *Woodman v. Spencer*, 54 N. H. 507; *Low v. Tibbetts*, 72 Me. 93.

The rule that a grant of land abutting on a highway or river conveys it to the middle line of the highway or thread of the stream is given the most liberal effect: *Watson v. Peters*, 26 Mich. 508; *Purkiss v. Benson*, 28 Id. 538.

A mention of the street as a boundary carries with it the right to the grantee of the unobstructed use of not half of the designated street only, but of the whole of it: *Smith v. Lock*, 18 Mich. 56; *Karrer v. Berry*, 44 Id. 391; *Sinclair v. Comstock*, Har. Ch. 404.

CHAMPLIN, J. Plaintiff brought ejectment to recover a parcel of land situated in Detroit, Wayne county, designated as that part of lot 2 of the subdivision of private claim 729 bounded and described as beginning at the north-west corner of said lot 2; thence easterly, along the north boundary line of said lot 2, 25 feet; thence southerly, on a line parallel with the westerly line of said lot 2, to the northerly boundary line of Baker street; thence westerly, along the northerly line of Baker street, to the westerly boundary line of said lot 2; thence northerly, along the westerly boundary line of said lot 2, to the place of beginning; the same being a strip of land about 25 feet wide and 94.68 feet long, lying north of Baker street, and adjacent to and westerly from the westerly boundary line of lot A of Sanderson's

re-subdivision of lots 18, 19, and 20 of the subdivision of the north part of out-lot 2, private claim 729, of the city of Detroit.

The cause was tried before the circuit court for the county of Wayne, without a° jury, and the court made and filed a written finding of facts, and his conclusions of law thereon, as follows:

"The plaintiff, on the fifteenth day of November, 1869, was the owner in fee simple of the land included in the plat, of which Paper A, hereto annexed, is a copy, to the middle of Twenty-first street, as laid down thereon, and made said plat at that date, his wife joining with him in it (dedicated the streets and alleys thereon as set forth in said copy), and had the approval of two of the three commissioners of plats indorsed on said plat, as appears thereon, but not otherwise accepted by municipal authority, and thereupon had the same recorded; and that the 25 feet in width adjoining lots 18, 19, and 20 in the plat, at the westerly ends of the lots, is the land described in the plaintiff's declaration, and the land in controversy in this suit.

"That the strip west of the said 25 feet, marked on said plat as the west part of Twenty-first street, was never platted or dedicated by the owner thereof as a part of the street, and that he has, within two years last past, erected a brick structure thereon; that the paper annexed, marked B, is a map of the property in question, and that adjacent thereto.

"That the plaintiff and his wife, by full warranty deed of title, dated May 21, 1870, conveyed said lots 18, 19, and 20, with the privileges and appurtenances thereunto belonging, in fee simple to Charles Croakes, by a description of the premises conveyed in words as follows:

"All those certain pieces or parcels of land situate, lying, and being in the city of Detroit, county of Wayne, State of Michigan, and known and described as follows, to wit: Lots numbered eighteen (18), nineteen (19), and twenty (20) of the subdivision of lot number two (2) of the subdivision of private claim seven hundred and twenty-nine (729),—Jacques Godfrey farm,—which said lots 18, 19, and 20 of said lot 2 are further described in Samuel A. Plumer and Addie L. Plumer's subdivision of said lot 2, as recorded in Liber 1 of Plats, on page 253, in the office of the register of deeds in said county of Wayne.

"That the title in fee to the premises, with said privileges and appurtenances thus conveyed, passed, by a regular chain of subsequent warranty deeds, on the first day of June, 1874,

to Walter Sanderson; that said Sanderson thereafter resubdivided said lots 18, 19, and 20 by a plat recorded July 17, 1874, into four lots, fronting south, on the north side of Baker street, with an alley in the rear, designated A, B, C, and D, of which plat Exhibit C, attached hereto, is a copy; and that said lots A and B, with the privileges and appurtenances thereunto belonging, have come, by a connected chain of conveyances, to the defendant Susie Johnston; and that defendant Cyrus Johnston is her husband, and that they are living on said lot A.

"That the city of Detroit built a sewer in the alley at the rear or northerly ends of said lots A, B, C, and D, leading to the westerly line of the 25 feet aforesaid, and down the westerly line thereof, into the sewer, continuing down Twenty-first street, south of Baker street, and that the people using the alley leading north from the westerly side of said 25 feet to Hammond street, the next street north of Baker street, have passed thereover, going into and through said alley; but that the said 25 feet has not been worked as a public street by the city of Detroit, or recognized, in any other way than in the manner aforesaid, by the city or any of its officers.

"That on the ninth day of January, 1885, said Twenty-first street, north of Baker street, was *vacated* and *discontinued* as a street by the common council of the city of Detroit, upon a petition presented and prosecuted by the plaintiff.

"That in the winter of 1884-5, after the vacation of said street, and before the commencement of this suit, the defendants inclosed the 25 feet in controversy by a post and board fence, and have since been holding possession of the same; but previous to said date, and in the summer of 1883, plaintiff had inclosed said 25 feet with a fence, and held possession thereof with his fence until said defendants, in the spring of 1884, removed plaintiff's said fence, and afterwards inclosed it for themselves as aforesaid, the parcel in the meantime remaining uninclosed."

And further finds as conclusions of law thereon:

"1.   That after making the plat Exhibit A, on the fifteenth day of November, 1869, and the conveyance by plaintiff to Charles Croakes, on the twenty-first day of May, 1870, the plaintiff ceased to have any right to the occupation or possession of the lands lying within the limits of Twenty-first street, as marked on said plat.

"2. That by the vacation of said Twenty-first street by the resolution of the common council of the ninth day of January, 1885, as stated, the right to the possession of said lands lying within the limit of said street, and for which this suit is brought, was not revested in the plaintiff.

"3. That the plaintiff is not entitled to recover the premises described in his declaration, and the defendants are entitled to a judgment of no cause of action, to be entered, with costs against the plaintiff to be taxed.

　　　　　　　　　　"JOHN J. SPEED,

　　　　　　　　　　　　"Circuit Judge."

So much of Exhibits A and C as is material to show the location of the premises appears below:

EXHIBIT A.

In the instrument dedicating the plat (Exhibit A) to public use, there appears this reservation:

" Reserving to ourselves, however, said streets and alleys, whenever the same may be discontinued by law."

The claim of the plaintiff is that land dedicated as a street does not become such unless there is an acceptance of the dedication manifested by some act of the public authorities, either formally confirming or accepting the dedication, or by exercising authority over it in some of the ordinary ways of improvement or regulation, and that user by the public of city streets does not constitute acceptance; that the approval of the two commissioners was an act done under the charter of the city, which, under the charter, required such approval " for the purpose of introducing greater uniformity in the laying out the land in said city into public streets and

EXHIBIT C.

blocks, and to restrain persons from laying out such streets and blocks in a manner prejudicial to the city; " that platting is but an offer to dedicate, and there must be an acceptance, or the owner can take in the proposed street; that the land in question never became a street, but, if it has, it has been vacated, and by virtue of the reservation the plaintiff

now owns the land, and is entitled to possession; that if the reservation is ineffectual, then he owns the westerly half of the 25 feet which adjoins his land.

On the other hand, the contention of the defendants is that the question is not so much a question of dedication as it is of boundary, and they deny the plaintiff's right to recover upon two grounds:

1. That the title to the strip in controversy passed to the grantee by the deed to Croakes, subject to any right of way over it existing through the dedication of it as a street by the platting.

2. That the plaintiff, having conveyed the lots as adjoining and fronting upon Twenty-first street, is estopped, as against Croakes and those claiming under him, from taking possession and excluding them from the use of it.

Defendant's counsel cites in support of his propositions the following authorities: 3 Kent, Com. (13th ed.) 432 *et seq.; Sizer v. Devereux*, 16 Barb. 160; *Kneeland v. Van Valkenburgh*, 46 Wis. 434; *Pettibone v. Hamilton*, 40 Id. 402; *Woodman v. Spencer*, 54 N. H. 507; *Low v. Tibbetts*, 72 Me. 93; *Watson v. Peters*, 26 Mich. 508; *Purkiss v. Benson*, 28 Id. 538; *Smith v. Lock*, 18 Id. 56; *Karrer v. Berry*, 44 Id. 391; *Sinclair v. Comstock*, Har. Ch. 404.

We do not think that the approval of the plat by the commissioners was an acceptance of the streets thereon delineated by the city. The platting, approval, and recording of the plat was an offer to dedicate, and would become effectual as such when accepted. *Field v. Manchester*, 32 Mich. 279; *Buskirk v. Strickland*, 47 Id. 389. But as regards the street in question, such offer was terminated when the common council passed a formal resolution vacating it, on the ninth of January, 1885. This operated as a refusal to accept the dedication. The rights of these parties must therefore be such as they derive from the several conveyances under which they claim, construed in the light of the circumstances under which they were made.

The doctrine is well established that the grantee of a lot bounded upon a street or other highway takes to the center of such street, subject only to the public easement, unless something appears upon the plat, or in the terms of the conveyance, excluding the title from passing under a boundary so described. But this doctrine is limited, and is applied to actual highways, and not to mere paper highways. *Hopkinson v. McKnight*, 31 N. J. L. 422.

It is also well established, with respect to a purchaser of lots described as bounded on a street, that the vendor is estopped from shutting it up so as to prevent his vendee from making use of it for his own accommodation in the enjoyment of his purchase. It becomes a matter of private right, and in no way depends upon the question whether the public have acquired a right of way or not. *Smith v. Lock*, 18 Mich. 56; *Purkiss v. Benson*, 28 Id. 538; *Karrer v. Berry*, 44 Id. 391.

In this case, had the lots remained as originally platted and sold by the plaintiff, and a way was claimed of necessity to lots 19 and 20, a different question would be presented for our consideration. But no such claim is made. The finding is that the street has ceased to be, if it ever was, a public street. The lots, as originally platted, no longer front upon Twenty-first street. The owner of the territory covered by those lots has replatted the land so that the lots shall front on Baker street. The effect of such replatting was to obliterate the lot lines of the first plat, and substitute new lot lines, which will be valid as boundaries to lots, according to the new subdivision; and if it could have been claimed, in behalf of the lots as originally platted, that the land in question was a way of necessity to lots 19 and 20, it has ceased to be so from the manner in which such lots have since been subdivided, with their front facing on Baker street, and abutting upon an alley in the rear 20 feet in width.

The defendants in this case are not entitled to claim own-

ership to the center of Twenty-first street by virtue of the description in their deeds, or of the description by which the plaintiff conveyed to Croakes. The deed to Croakes conveys the lands, describing them as lots 18, 19, and 20 of Samuel A. Plumer and Addie L. Plumer's subdivision of lot 2, as recorded in Liber 1 of Plats, on page 253, in the office of the register of deeds of Wayne county. The defendants must be held to a knowledge of what appears in the chain of title through which they claim. The conveyance to Croakes, as well as the conveyances of those claiming through him, refers to the plat, and they, each and all, took the title of their lots bounding upon the streets and alleys subject to the reservation above cited, contained in the dedication of the streets and alleys by Samuel A. Plumer and wife. Whether this reservation amounts to a condition upon which the dedication was made need not now be determined. The intent is plainly manifest that conveyances of lots upon the plat should not carry the title to the middle of the streets and alleys thereon, and that if the dedication was not accepted, or, if accepted, the street should be vacated, the title, use, and possession should become absolute in the plaintiff. Such was their offer to the public of the streets and alleys upon their plat for acceptance; and, in a case where a similar reservation was contained in the offer to dedicate, Mr. Justice CAMPBELL, speaking for the Court, said:

"It is utterly impossible, on any sound rule of construction, to hold that private owners of lots could get any better right of way than that which was offered to the public for acceptance." *Tapert v. Detroit, G. H. & Mil. Ry. Co.*, 50 Mich. 271.

Upon the facts found by the circuit judge, the judgment of the circuit court must be reversed, and a judgment will be entered in this Court for the plaintiff, with costs of both courts. The defendants, upon complying with the statute, will be entitled to a new trial in the circuit court as a mat-

ter of course, which they may make without application to this Court.

The other Justices concurred.