## SCUDDER *v.* CITY OF DETROIT.

STREETS AND ALLEYS—DEDICATION—DISCONTINUANCE—REVERSION.
Where, under the terms of a dedication of lands in a city plat for streets and alleys, there is a reservation of the reversion, in the event of discontinuance by law, to the platter, his heirs or assigns, the grantee of the platter, and not the platter himself, who purchases lands bounding upon an alley, will, upon its vacation, succeed to the reversion. *Plumer* v. *Johnston*, 63 Mich. 165, distinguished

Appeal from Wayne; Donovan, J. Submitted April 20, 1898. Decided May 17, 1898.

Bill by Frances M. Scudder against the city of Detroit to restrain the enforcement of a paving assessment. From a decree dismissing the bill on demurrer, complainant appeals. Affirmed.

Complainant owns lot No. 7, block 4, in Henry Weber s

subdivision of parts of sections 55 and 56, Ten Thousand Acre Tract, in Detroit. The plat is recorded, and contains the following terms of dedication:

"We do hereby dedicate to the perpetual use of the public all streets and alleys represented thereon (not heretofore dedicated), reserving to ourselves, our heirs or assigns, the reversion or reversions thereof, whenever discontinued by law."

The situation of block 4 appears from the following portion of the plat:

The platters have parted with their interest in all the lots in said subdivision. The city opened Delaware avenue through said subdivision, vacated the alley, and the result is that the southerly half of said alley intervenes between lot 7 and Delaware avenue. The city has made an assessment for paving Delaware avenue against the northerly 90 feet of the easterly 40 feet of lot 7, and also against the westerly 40 feet of that part of the vacated alley lying east of the east line of Third avenue. The bill is filed to

restrain the enforcement of this assessment. Defendant demurred, and the demurrer was sustained.

*James C. Smith, Jr.* (*Herbert Bowen*, of counsel), for complainant.

*C. D. Joslyn*, for defendant.

GRANT, C. J. (*after stating the facts*). The claim of the city is that the adjoining lot owners own the fee to the center of the alley subject to the public easement, and that, when the alley was vacated, the lots of block 4 abutted upon Delaware avenue, and were subject to assessment as abutting lots. Complainant is willing to pay the assessment if she owns the fee in that portion of the alley opposite her lot, but contends that under the rule in *Plumer* v. *Johnston*, 63 Mich. 165, she does not own it. The statute provides that such recorded plat—

"Shall be deemed a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named, or intended for public uses in the county in which town, city, village, or additions lie, in trust to and for the uses and purposes therein named, expressed, or intended, and for no other use or purpose whatever." 1 How. Stat. § 1474.

Section 1478 provides that when a street or alley is vacated—

"The same shall be attached to the lots or ground bordering on such street or alley, and the title thereto shall vest in the person or persons owning the property on each side thereof, to the center of such street or alley."

The case of *Plumer* v. *Johnston* does not affect the question here presented. In that case the dedication had not been accepted, and the offer to dedicate was held to be terminated by the resolution of the common council to vacate it. The reservation was "to ourselves," not to heirs or assigns. After this was done the owner replatted. In this case the dedication was accepted, and the lots have been sold as abutting upon the streets and alleys. Where one conveys land bounding upon a public highway, or lots

upon a plat, representing them to be bounded by a street, the grantee takes the land to the center of the highway or street.  *Snoddy* v. *Bolen,* 122 Mo. 479 (24 L. R. A. 507), and authorities there cited.  Under a statute identical with ours, it was held that a conveyance of a lot abutting on the street, without any express limitations, conveyed all the interest to the center of the street or alley.  *Tousley* v. *Galena, etc., Smelting Co.,* 24 Kan. 328.  The reservation in the dedication in that case was of "all the mineral under the surface of such streets and alleys." The conveyance of the lot contained no reservation.  Justice Brewer said:  "If the dedicator may reserve nothing in the street, his conveyance of the lot passes nothing in the street; but, if he reserves anything in the street, his conveyance of the lot passes the reservation."  The reservation in this case gave the platter the same interest in the streets that he would have had without the reservation, and his grantees take by virtue of their deeds all the rights he had to the center.

Decree affirmed, with costs.

The other Justices concurred.