EDWARD C. WALLER, Appellant, *vs.* THE VILLAGE OF RIVER FOREST, Appellee.

*Opinion filed June 18, 1913.*

1. PLEADING—*effect where instrument upon which a pleader's rights are based is set out in full.* Where the written instrument upon which a pleader's rights are based is set out in full the court will give the instrument the legal effect to which it is entitled, notwithstanding the pleader has misconceived the legal effect thereof.

2. RES JUDICATA—*when a decree in a burnt records proceeding is res judicata as to effect of deed.* A decree in a burnt records proceeding finding that a certain deed set out in the petition conveyed a mere easement to a village in land intended to be used as streets is *res judicata* of that question, and is binding upon the parties, and those in privity with them, until it is reversed in a

direct proceeding, even though the court may have construed the deed erroneously.

3. EQUITY—*when rule that party cannot ask equity to enforce inequitable decree does not apply.* The rule that a party is not entitled to call upon a court of equity to enforce an inequitable decree does not apply to decrees which are complete and free from inherent defects.

4. MUNICIPAL CORPORATIONS—*when right of village is lost by ordinance vacating street.* Where the interest of a village in certain land is merely an easement for street purposes, the passage of a valid ordinance vacating the street destroys all interest of the village, and the owner of the fee is entitled to the land and the possession thereof.

5. SAME—*when injunction is a proper remedy against a municipal corporation.* Where a municipal corporation attempts to take possession of land for a street to which it has no right, injunction is the proper remedy of the owner of the land.

APPEAL from the Circuit Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.

F. J. GRIFFEN, and E. J. PRICE, for appellant.

B. F. LANGWORTHY, Village Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill in equity filed by appellant in the circuit court of Cook county against the village of River Forest and the Chicago and Northwestern Railway Company to quiet title and to enjoin them from destroying appellant's fence or interfering with his possession of a tract of land thirty-five feet wide and four hundred feet long lying west of Oak avenue and north of the right of way of said railway in said village, and to remove as a cloud a certain plat so far as it affects a certain tract theretofore vacated as a street. A demurrer filed by the village was overruled and thereafter its answer was filed. On a hearing before the court the bill was dismissed for want of equity, and this appeal followed.

The following plat will give a better understanding of the matters involved:

The strip in question lies immediately north of the Chicago and Northwestern railway, between Oak avenue on the east and Waller avenue on the west. It was formerly

259 — 15

a part of Central avenue, acquired by the village by quit-claim deed from Alfred H. Blackall and wife, which deed conveyed the land by metes and bounds, and contained immediately after the description the words, "to be used for street purposes only." It appears that it was found in 1905 that the tract in question was not needed as a street and that it and the contiguous lands were being used for disreputable purposes and were a nuisance, and that on the request of appellant, who owned the adjoining land, the village board on July 3, 1905, vacated that part of the street now in question, along with that part of Waller avenue which connected this strip with Lake street. The bill alleged that the appellant thereupon took possession of these vacated streets and erected a substantial fence around the entire tract of land between Oak avenue and the river, the Northwestern railway and the southern boundary of Lake street; that this possession and fence remained undisturbed for about three years, until May, 1908, when the village authorities of River Forest passed an ordinance wherein it was declared that the strip of land in question between Oak avenue and Waller avenue was to be an open public street; that thereafter, in June, said village authorities filed a plat with the recorder of Cook county showing said strip as a public street, and shortly thereafter said authorities tore down the fence and threaten to tear it down again; that thereafter the village board granted to the Chicago and Northwestern Railway Company the right to occupy the south thirty feet of this land for an embankment to raise its tracks, and that before filing this bill the appellant had replaced the fence around this strip, which still remained. The bill further alleged the other facts upon which appellant based his title. The Chicago and Northwestern Railway Company joined in the general demurrer filed by the village to the bill, but prior to the hearing on the demurrer said company settled with appellant and procured a warranty deed from him to the south twenty feet of the strip,

together with land west thereof to the river, and the court thereupon dismissed the bill as to said railway company upon said company waiving in open court all further claim to the north fifteen feet of the tract in controversy.

From the proof offered on the hearing it appeared that in 1900 the Hibernian Banking Association filed a bill in the circuit court of Cook county under the Burnt Records act to quiet title to certain land shown on said plat, including all of that between the west line of Oak avenue, the northern boundary of the railway right of way, the center line of the Desplaines river and the center line of Lake street and the bridge; that in the petition or bill in the circuit court under said Burnt Records act said association stated that it had obtained title to said tract through foreclosure of a trust deed given by the former owner, Alfred H. Blackall; that said petition alleged that the strip of land here in question and a small strip extending east of Oak avenue had been conveyed in September, 1889, by Blackall and wife to said village of River Forest, to be used for street purposes only; that said association alleged in said petition "that the petitioner, in claiming ownership in fee simple of the tract first aforesaid, intends to admit, and hereby admits, that said ownership is qualified as to the interest conveyed by said deed in so far that the premises described in said deed are subject to be used by said village for street purposes only." It is further alleged in said petition that said Blackall caused a map or plat to be made in 1882 of the land here in question, by which he professed to make streets and highways of certain strips running north and south on said plat, but that said strips had never been accepted by said village as streets; that said strips for north and south streets were not located where said Oak avenue and Waller avenue are now located. The petition further alleged that the trust deed given by said Blackall, through which said association derived title, contained the words, "except the portion thereof embraced within street

lines," but that these words were used merely to except said land embraced in the streets from the covenants of warranty and were not intended by Blackall as a reservation to himself of any portion of said premises described in the trust deed. The petition prayed that the title to all of said tract of land, including all the land bounded by Oak avenue, the railroad right of way, the center line of the Desplaines river and the center of Lake street and of the bridge, be held to be in the petitioner in fee simple. The record further showed that the village of River Forest answered the petition in the burnt records suit, admitting that certain strips on said plat were dedicated by the owner (Blackall) as streets, and were accepted and have ever since been, and are now, public streets, but denied "each and all the other allegations contained in said bill of complaint as amended," demanding strict proof thereof, and denying that the complainant was entitled to the relief, or any part thereof, prayed for in said petition. The record further showed that there was a hearing on this petition and answer in the circuit court; that thereafter, on June 6, 1900, a decree was entered in said burnt records suit finding the Hibernian Banking Association "to be seized of the premises aforesaid as of an indefeasible estate of inheritance in fee simple, * * * saving only to the village of River Forest, and its successor or successors, the right to use, for street purposes only, the strip of thirty-five feet described in said deed of September 3, 1889, from said Blackall and his then wife to said village," etc. The premises referred to in this decree included all of the land within the west line of Oak avenue, the northern right of way line of the railway, the center of the Desplaines river, and the center line of Lake street and of the bridge. This decree set out in full the deed from Blackall and wife conveying said disputed strip here in question, along with other land, to the village of River Forest. From the allegations of this bill it appears that appellant has obtained, by various *mesne* con-

veyances, all the title of said Hibernian Banking Association and other parties who claimed an interest in said land.

From this statement it is apparent that practically only the north fifteen feet of said thirty-five foot strip, between Oak ávenue and Waller avenue as vacated, is in dispute between the village authorities and appellant, as the village authorities have granted the railway company the right to build an embankment on the south thirty feet and appellant has deeded to the railway company all his interest in the south twenty feet of said strip. Counsel for appellee concedes that if said Blackall did not convey a fee in this strip of land to the village of River Forest the decree below should be reversed. Counsel for appellant contend that this deed only conveyed an easement to the village, and that if there was any question as to its proper construction,— whether it conveyed a fee simple or only an easement,— that was settled by the proceedings in the circuit court under the burnt records suit, which held that said deed only conveyed an easement to the village and that the fee remained in the grantor, and that said interest of said Blackall in said strip was acquired by said association through said foreclosure and confirmed by said burnt records proceeding, and was also quit-claimed to said association by said Blackall on September 14, 1899.

If the decree in the burnt records proceeding legally confirmed the title to the strip in controversy in the Hibernian Banking Association, then such finding must be held to be *res judicata* as to the extent and character of such title. Counsel for appellee contends that the title of the village to this tract of land was not contested in the burnt records proceeding, and that therefore the rule of *res judicata* can not be invoked here. (*White* v. *Sherman,* 168 Ill. 589; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 247 id. 340.) It is insisted that the issue as to the title was, under the burnt records proceeding, one of fact and not of law, and was not raised in the pleadings in that pro-

ceeding because the deed which was incorporated as a part of the pleadings showed that the title was in the village; that the pleader's rights must depend upon the actual facts stated, and not upon erroneous conclusions of the pleader with respect to them. (*Allen* v. *Woodruff*, 96 Ill. 11.) The rule laid down in the case just cited is undoubtedly the law, but in our judgment it does not apply to the facts before us. Even though the pleader misconceives the legal effect of an instrument, if the instrument is made a part of the bill the court will give such instrument the legal effect to which it may be entitled. (*Benneson* v. *Savage*, 130 Ill. 352; *Dempster* v. *Lansingh*, 244 id. 402.) Beyond question, the court in the burnt records proceeding construed the deed conveying this strip of land from Blackall to the village of River Forest as only giving an easement for street purposes to said village, and held that the fee simple title remained in the grantor by the terms of said deed and had been conveyed to the Hibernian Banking Association. The facts upon which this finding is founded are fully set out in the petition and decree in the burnt records proceeding. The circuit court in that case had full authority to enter that decree. It effectually settled the title between the parties. (*Harms* v. *Coryell*, 177 Ill. 496.) No matter if its finding as to the interest of the village of River Forest under the deed in question was erroneous, it is binding upon all parties and privies to that proceeding until it is reversed in a direct proceeding. *Young* v. *Lorain*, 11 Ill. 624; *Bradish* v. *Grant*, 119 id. 606; *Chicago Terminal Railroad Co.* v. *Barrett*, 252 id. 86; *Sielbeck* v. *Grothman*, 248 id. 435; *Denk* v. *Fiel*, 249 id. 424.

Counsel for appellee insists that the decree in the burnt records proceeding cannot be held *res judicata* in this proceeding because the part of the decree construing the deed in question as only giving an easement in the street to the village of River Forest was clearly wrong, and appellant has no right to ask a court of equity to assist in enforcing

an inequitable decree, under the doctrine laid down in *Wadhams* v. *Gay,* 73 Ill. 415. That doctrine cannot be invoked here, as it does not apply to decrees that are complete and free from inherent defects. (*Hultberg* v. *Anderson,* 252 Ill. 607.) The burnt records decree was not imperfect or incomplete in any particular. It was not necessary to ask, and appellant is not, in effect, asking, that it be made complete. The necessity for filing this bill arose out of the fact that the village of River Forest was attempting to set aside and violate the findings made in the burnt records decree.

No question is made as to the legality of the vacation ordinance of Central avenue from Oak avenue to Waller avenue, and of Waller avenue from the Chicago and Northwestern railway right of way to Lake street. Its passage, therefore, terminated all the interest of the village of River Forest in the strip of land in controversy. (*Meyer* v. *Village of Teutopolis,* 131 Ill. 552.) Before the vacation of the street on this strip by the ordinance of 1905 the interest of the village of River Forest in the land in question had been held to be an easement, and upon such vacation of the street appellant, as the owner in fee of the street so vacated as well as the owner of the abutting land, was entitled to the land in controversy. *Helm* v. *Webster,* 85 Ill. 116; *Thomsen* v. *McCormick,* 136 id. 135; *Chicago and Eastern Illinois Railroad Co.* v. *Clapp,* 201 id. 418; *Bell* v. *Mattoon Water-Works Co.* 245 id. 544.

The question is raised by both counsel in their briefs as to the interest of appellant in the south half of Lake street between the Desplaines river and Oak avenue. That question is not in this record and we express no opinion concerning it. It is not liable to arise in any practical way as long as Lake street continues to be used as a public highway.

Where a municipality undertakes to take possession of a street to which it has no right, the proper remedy is injunction. (*City of Peoria* v. *Johnston,* 56 Ill. 45; *Mc-*

*Intyre* v. *Storey,* 80 id. 127.) Under these authorities the facts in this record authorized a court of equity to grant the relief prayed for. The circuit court erred in dismissing the bill for want of equity. The decree of that court will therefore be reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded, with directions.*