SPECTOR, Chief Judge.
Appellant seeks reversal of a final judgment rendered against it in a suit to enjoin appellee from obstructing a platted street which had been abandoned. The suit also had as its purpose the quieting of title to the abandoned street in the appellant.
Appellant was the' original subdivider of waterfront property in Franklin County known as Alligator Point. Appellant platted a subdivision consisting of a narrow strip of land fronting on the Gulf of Mexico. The subdivision embraces a street or highway designated as Gulf Shore Boulevard which is parallel to the Gulf beach. A series of lots extend from Gulf Shore Boulevard to the beach, and there are several streets approximately one thousand feet apart which extend from the boulevard to the beach providing access thereto. Said beach access streets are equal in length to the abutting lots. Gulf Shore Boulevard was paved by the State on the express condition that an adequate number of streets from the boulevard to the beach be provided so that the public would have ample access to the public beach.
The street specifically involved in this action lies between Lot 8, Block “J”, and Lot 1, Block “O” of Peninsular Point, Unit No. 4, as recorded in Plat Book 1, Page 22 of the Public Records of Franklin County, Florida. The record reflects that on August 17, 1963, the Board of County Commissioners of Franklin County, Florida, by resolution formally abandoned the public rights to the platted street here in question. Apparently, appellee’s predecessors in title thereafter constructed a fence blocking off the entire access street lying between appellee’s two lots.
The recorded plat of the subdivision dedicating the street in question bore on its face a dedication which stated the following material language:
“ * * * and does hereby dedicate to the perpetual use of the public, as public highways, the streets as shown hereon, reserving unto itself, its heirs, successors, assigns, or legal representatives, the reversion or reversions of the same, whenever abandoned by the public or discontinued by law.”
The plat containing the above dedication was executed and recorded before any lots were sold. Thereafter, appellant sold the two lots bordering on the street in ques *692 tion by reference to the plat, and by mesne conveyances title to said lots has become vested in the appellee.
The issue considered below and in this court was which of the parties has better title to the fee of the abandoned street. The trial court, relying on Smith v. Horn, 70 Fla. 484, 70 So. 435 (1915), resolved the issue in favor of appellee. The crucial language in Smith v. Horn upon which appellee relies is as follows:
“Where the owner of land has it surveyed, mapped, and platted, showing subdivisions thereof, with spaces for intervening streets or other highways between the subdivisions clearly indicated upon the map or plat, and conveyances in fee of the subdivisions are made with reference to such map or plat, the owner thereby evinces an intention to dedicate an easement in the streets or other highways to the public use as such, the title to the land under the street remaining in the owner or his grantees; and, where such conveyances are made with reference to the map or plat, the dedication of the easement for street purposes cannot be subsequently revoked as against the grantees, and the title of the grantees of subdivisions abutting on such streets, in the absence of a contrary showing, extends to the center of such highway, subject to the public easement. And, where the highway is lawfully surrendered, the then holder of the title to abutting property and to the center of the street has the property relieved of of the public easement. See Moody v. Palmer, 50 Cal. 31; Trustees M. E. Church, Hoboken, v. Mayor and Council of Hoboken, 33 N.J.Law, 13, 97 Am.Dec. 696; Winter v. Payne, 33 Fla. 470, 15 South. 211; Porter v. Carpenter, 39 Fla. 14, 21 South. 788; Price v. Stratton, 45 Fla. 535, 33 South. 644; Florida E.C.R. Co. v. Worley, 49 Fla. 297, 38 South. 618; Paine v. Consumers’ Forwarding & Storage Co., [6 Cir.] 71 Fed. 626, 19 C.C.A. 99; Garnett v. Jacksonville, St. A. & H. R. R. Co., 20 Fla. 889; Florida Southern R. Co. v. Brown, 23 Fla. 104, 1 South. 512; Lovett v. State, 30 Fla. 142, 11 South. 550, 17 L.R.A. 705; Rawls v. Tallahassee Hotel Co., 43 Fla. 288, 31 South. 337; Robbins v. White, 52 Fla. 613, 42 South. 841; Seaboard Air Line Ry. v. Southern Inv. Co., 53 Fla. 832, 44 South. 351, 13 Ann.Cas. 18; 5 Cyc. 911; 8 R.C.L. § 18.”
Appellant, while recognizing the soundness of the rule of law stated above, contends that the same is inapplicable to the facts in the case at bar. We agree and reverse.
In Smith, the court recognized that the rule invoked therein was not appropriate where there is a contrary showing that the owner intended the grant or conveyance to extend to the center of the street. The recognition that the grantor’s intention to convey to the center of the street is subject to a contrary showing or is susceptible of being negated is consistent with the general rule recited in Volume 1, Patton on Titles, § 143, Page 374, as follows:
“ * * * And when the description is by a lot of a plat, which shows the lot to be bounded by a highway, street, or alley, the grant extends to the center of the public way, if the grantor owns that far, in the absence of a clear intention to the contrary. * * * ”
Footnotes to the text show that some twenty jurisdictions, including Florida, subscribe to the principle that the rule articulated in Smith v. Horn obtains only “in the absence of a clear intention to the contrary”. Appellant argues that such clear intention to the contrary is manifest in the language of reservation found in the dedication and we agree. Of course, in Smith v. Horn, no such reservation appeared on the recorded plat of the subdivision there involved as is the case in the recorded plat here. Nor did the court’s opinion in Smith, supra, make any mention of such a reservation appearing either in the recorded plat of the “Memento” subdivision or in any of the deeds by which the conveyances of *693 lots in that subdivision were made. In our view, that factor renders the facts in the case at bar vitally distinctive from those in the Smith case so as to make that ruling inapplicable here.
Even in Servando Building Company v. Zimmerman, 91 So.2d 289 (Fla.1956), relied on heavily by appellees, the court reiterated the rule in Smith v. Horn, supra, which embodied the concept of the intention of the grantor. Indeed, in Servando, supra, the court pointed to the ambiguity in the dedicatory language employed by the grant- or arising from the separate classification of alleys and parks as distinguished from streets and plazas. The court there held that the facts in that case failed to meet the “clear intent” necessary to negate the intention to convey to the middle of the street. The court stated at page 293:
“ * * * What distinction [in the dedicatory language] there could he between parks and plazas that would justify classifying them differently is so puzzling as to give us the idea that the language in the dedication was, to say the least, carelessly chosen, and fails to express the ‘clear intent’ necessary to avoid application of the ‘rule’.”
We find no disability of that kind in the dedicatory language present in the case at bar. In our view, the language of reversion contained in the dedication on the face of the recorded plat, with reference to which appellee and its predecessors took, is sufficiently clear to meet the “clear intent” necessary to avoid application of the Smith v. Horn rule as recognized by the weight of authority. Inasmuch as ap-pellee and its predecessors took their conveyance by reference to appellant’s recorded plat, all restrictions, easements and reserved rights that appear on the plat are incorporated in the instruments of conveyance as if though the same had been recited in the instruments. City of Jacksonville v. Shaffer, 107 Fla. 367, 144 So. 888 (1923); Wahrendorff v. Moore, 93 So.2d 720 (Fla.1957). We do not perceive a collision between our holding here and the rule as announced in Smith v. Horn, supra.
In our view, Plumer v. Johnston, 63 Mich. 165, 29 N.W. 687 (1886), and Helm v. Webster, 85 Ill. 116 (1887), relied on by appellants, and the rule announced therein, are dispositive of the issues in this case and require reversal. We recognize, of course, that those two cases were cited in a dissenting opinion in our Supreme Court’s decision in the Servando case, supra. However, the facts here are distinguishable from Servando since in that case the court held that the “clear intent” of the grantor was obscured by the carelessly chosen language employed in the dedication; whereas in the case at bar, the language chosen by the grantor does not suffer from such disability.
In Plumer, supra, the owner of a parcel of land subdivided it and recorded a plat showing streets, lots, and blocks. The plat contained a dedication with respect to the use by the public of the streets shown on the plat in which the following reservation appeared, to wit: “Reserving to ourselves, however, said street and alleys, whenever the same may be discontinued by law”. The street in question was never opened nor used by the public, nor was the dedication accepted. The dedicated street was later discontinued by resolution to the city council and a controversy arose between the original owners who dedicated the street and the abutting property owners as to who owned the fee title to the street. After quoting the general law to the effect that as a general rule abutting property owners who buy with reference to a plat own to the center of the street on which their lots abut and will take the fee title whenever the street is discontinued or abandoned by the public, the court said:
“The defendants in this case are not entitled to claim ownership to the center of Twenty-first street by virtue of the description in their deeds, or of the description by which the plaintiff conveyed to Croakes. The deed to Croakes conveys the lands, describing them as lots 18, *694 19, and 20 of Samuel A. Plumer and Addie L. Plumer’s subdivision of lot 2, as recorded in Liber 1 of Plats, on page 253, in the office of the register of deeds of Wayne County. The defendants must be held to a knowledge of what appears in the claim of title through which they claim. The conveyance to Croakes, as well as the conveyances to those claiming through him, refers to the plat, and they, each and all, took the title of their lots bounding upon the streets and alleys subject to the reservation above cited, contained in the dedication of the streets and alleys by Samuel A. Plumer and wife. Whether this reservation amounts to a condition upon which the dedication was made, need not now be determined. The intent is plainly manifest that conveyances of lots upon the plat should not carry the title to the middle of the streets and alleys thereon, and that if the dedication was not accepted, or, if accepted, the street should be vacated, the title, use, and possession should become absolute in the plaintiff. Such was their offer to the public of the streets and alleys upon their plat, for acceptance; and, in a case where a similar reservation was contained in the offer to dedicate, Mr. Justice Campbell, speaking for the court, said: ‘It is utterly impossible, in any sound rule of construction, to hold that private owners of lots could get any better right of way than that which was offered to the public for acceptance.’ Tapert v. Detroit, G. H. & M. Ry., 50 Mich. [267] 271; S.C. 15 N.W.Rep. 450.”
In the case of Helm v. Webster, supra, the facts were essentially the same as those in the Plumer case except the reservation in the original deed out of the dedicators of the subdivision was as follows:
“ * * * ‘It is hereby provided and understood that, when said premises shall, after being opened as a street, cease to be used as such, or whenever such street as may be opened over said premises shall be abandoned or vacated by said city, the same shall revert to the present owners thereof, their heirs or assigns, the same as though this deed had never been made.’ íJí if: >Ji >>
Accordingly, the judgment reviewed herein is reversed.
WIGGINTON and JOHNSON, JJ., concur.