QUESTIONS: 1. Can private roads be shown as such on a recorded plat, pursuant to Ch. 177, F.S., and other laws of the State of Florida? 2. Are open spaces and roads which are not dedicated to the general public, but are instead owned by a nonprofit property owners' corporation, exempt from ad valorem tax? 3. Is it the responsibility of the developer to compute the acreage of common properties, if the aforementioned open spaces and private roads are taxable?
SUMMARY: Private roads, open spaces, and green areas which are not dedicated to the public but are dedicated to and set aside for the use of the abutting lot owners or property owners of a subdivision may properly be shown on a plat filed with the county commission and are entitled to be recorded pursuant to Ch. 177, F.S. Such open areas and roads do not come within any exemption or immunity from ad valorem taxation and therefore are subject to ad valorem taxation. There is no provision in the law empowering the tax assessor to require the developer to compute the acreage of common properties dedicated to and set aside for use by the landowners of the subdivision. If the plats are properly prepared for recording as required by Ch. 177, it would seem that the assessor would have sufficient information with which to calculate the subject areas. Question 1 is answered in the affirmative, and questions number 2 and 3 are answered in the negative. As indicated by your letter and Exhibit "A" attached thereto, the developer has filed a subdivision plat setting aside certain roads and streets and open spaces and green areas for the use of property owners in a subdivision, and at some future date will convey those areas to a homeowners' association. The certificate of ownership and dedication on the face of the plat reads in part as follows: (The) DEVELOPMENT CORPORATION, . . . does hereby dedicate and set apart the following streets and thoroughfares, (W) PARKWAY, (S) ROAD and (N.W. B) BOULEVARD, as shown or described on this plat for the use of the General Public forever. All other streets or thoroughfares as shown or described on this plat are private streets or roads and are hereby specifically set aside for the use of the abutting property owners in . . . UNIT 11 only, and thus setting aside of the private streets or roads shall in nowise constitute a dedication to the General Public or the County of Hendry, it being specifically understood that no obligation is imposed upon the County to maintain or improve said private streets or roads. (The) DEVELOPMENT CORPORATION in recording this plat of . . . UNIT 11 has designated certain areas of land as Tracts A-1 thru A-15, intended for use by the property owners in . . . UNIT 11, for open space, recreation, and other related activities. . . . The above described Tracts are not dedicated hereby for the use of the General Public, but are set aside for the common use and enjoyment of the property owners of . . . UNIT 11, as more fully described in Article IV of the Declaration of Covenants and Restrictions as referred to above. (The) DEVELOPMENT CORPORATION hereby covenants, for itself, its heirs and assigns, that it will convey the private streets and roads and the Tracts referred to above to the . . . UNIT ELEVEN Property Owners' Association, Inc., the members of which are the property owners of . . . UNIT 11, not later than January 1, 1990. (Emphasis supplied.) You indicate that "it is the feeling of some local officials that showing the private roads, streets, etc. on a record plat . . . is misleading to the general public. . . ." Although it is the general rule that the platting of land and the sale of lots or parcels pursuant thereto is an offer of dedication of the streets and other places indicated on the plat for public use, nevertheless, where a plat recites the intention of the subdivider to dedicate the streets and park areas to subdivision lot owners, but not to dedicate them to the public, the presumption is not applicable and the intention of the subdivider as thus expressed is controlling. Miami v. Eastern Realty Company,202 So.2d 760 (3 D.C.A. Fla., 1967); 10 Fla. Jur. Dedication s. 11, p. 14. Dedication, as well as reservations and reversions of streets, park areas, etc., to property owners may be made by plats duly recorded and any such plats, if otherwise qualified, are entitled to be recorded. See, e.g., Peninsular Point, Inc. v. South Georgia Dairy Co-op, 251 So.2d 690 (1 D.C.A. Fla., 1971). This is consistent with s. 177.081(2), F.S., which reads, in pertinent part, as follows: (2) When a tract or parcel of land has been subdivided and a plat thereof bearing the dedication executed by the developers and mortgagees having a record interest in the lands subdivided and the approval of the governing body has been secured and recorded in compliance with this chapter, all streets, alleys, easements, rights-of-way, and public areas shown on such plat, unless otherwise stated, shall be deemed to have been dedicated to the public for the uses and purposes thereon stated. However, nothing herein shall be construed as creating an obligation upon any governing body to perform any act of construction or maintenance within such dedicated areas except when the obligation is voluntarily assumed by the governing body. (Emphasis supplied.) Thus, in the situation in this case, where the certificate of ownership and dedication clearly indicates on its face that the streets and roads not dedicated to the public are set aside for the use of the abutting lot owners of the subdivision and that the designated open spaces and green areas are dedicated to and set aside for the property owners of the subdivision and where it is made clear that none of these properties are dedicated to the use of the general public, no presumption arises solely from the filing of the plat that these areas are so dedicated. Therefore, on the basis of the above, private dedication may be made on a plat and streets and roads dedicated to subdivision lot owners can be shown on such plats and the plats be entitled to recordation.
As to your second question regarding whether open areas and roads owned by a nonprofit property owners' corporation are exempt from ad valorem taxation, the following general principles apply to the factual determination which in the first instance is required to be made by the tax assessor. All real and personal property in this state is subject to taxation "[u]nless expressly exempt from taxation." Section 196.001, F.S. Tax exemptions are in the nature of special privileges or immunities granted by the sovereign only when and to the extent that they may be deemed to conserve the general welfare. Lummus v. Florida Adirondack School, 168 So. 232
(Fla. 1936). Thus, provisions for tax exemptions are "strictly construed and carefully scrutinized." Genesee Corporation v. Owens, 20 So.2d 654, 656 (Fla. 1945). The 1968 Florida Constitution is the source for ad valorem tax exemptions and provides in pertinent part as follows: . . . Such portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation. Article VII, s. 3(a), State Const. The Constitution must be construed as a limitation upon the power of the legislature to provide for the exemption from taxation of any classes of property except those particularly mentioned classes specified in the organic law itself. L. Maxcy, Inc. v. Federal Land Bank of Columbia, 150 So. 248 (Fla. 1933); AGO 074-75. What is most important, pursuant to Art. VII, s. 3(a), supra, is that the use of the property be for one of the specified purposes of said section. See Lummus v. Florida Adirondack School, supra; AGO's 074-75 and 058-279. The law of Florida provides that the property of the state or a county is immune from taxation. Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571 (Fla. 1957); Hillsborough County Aviation Authority v. Walden, 210 So.2d 193
(Fla. 1968). Ownership by the county is necessary to obtain this immunity, however. See AGO 073-257. In addition, the subject properties are not entitled to an exemption as a result of governmental (county) use since an essential requirement for such an exemption of governmental property under the Constitution and under s. 196.199, F.S., is that such be owned by the governmental unit claiming such exemption. The ownership of property by an individual or private corporation negates the applicability of s.196.199, F.S. See AGO 073-257. As to the other exemptions, property owned by an individual or corporation is not entitled by law to exemption from taxation unless it is established that such property is used predominantly either for educational, literary, scientific, religious, or charitable purposes and that the criteria for exemption set forth in ss. 196.195 and 196.196, F. S., have been satisfied with regard to such property. An examination of those sections and the criteria set forth in them indicates that the properties in question do not satisfy an exemption under any of the above classifications and that the property is not exempt from ad valorem taxation. As to your third question, the aforementioned properties appearing to be taxable, there is no duty imposed by law on the developer-owner to survey the land in order to compute the acreage of the common properties for taxation purposes. It should be noted that, except where specifically provided, no return is required to be made for real property, the ownership of which is reflected in properly recorded instruments. See ss. 193.052 and 193.062, F.S. If the plat is properly drawn for filing as required by law, it would seem
that the assessor would be able to calculate the relevant area from the plat. See s. 177.091(4), (8), (15), (20), and (23), F.S.